128 So.2d 453 (1961)
Nunzi J. BALLERO
v.
Edward J. HESLIN.
No. 150.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1961.
*454 Joseph A. Barreca, New Orleans, for plaintiff-appellant.
Hubert, Baldwin & O'Hara, Leon D. Hubert, Jr., New Orleans, for defendant-appellee.
Before JANVIER, McBRIDE and SAMUEL, JJ.
SAMUEL, Judge.
This is an appeal by the plaintiff from a judgment maintaining an exception of no cause of action and dismissing his suit.
The petition alleges that: The litigants had been partners in a business known as Efficient Rebore & Ring Service; defendant had some marital difficulties and informed plaintiff he would sell his interest in the business to the latter; the partnership was dissolved and defendant sold to plaintiff all the business assets, good will included, for $11,000.
In addition, the petition contains the following articles:
"6.
"That your petitioner was informed by the defendant that the defendant was quitting the automobile engine reboring and ring service business: that petitioner relied on this fact in the negotiations for purchase of defendant's interest in the said business.
"8.
"That about two months after the aforesaid sale your petitioner discovered that the defendant was surreptitiously operating a business identical to that of the former partnership business in competition to petitioner.
"9.
"That your petitioner avers that the defendant is disseminating similar advertising paraphanalia as the said former partnership business and contacting customers of the said former partnership business in competition with petitioner."
Attached to and made part of the petition was a true copy of the sale which contains only one specific provision restricting defendant's future business activity, to wit:
"It is the intention of Nunzi J. Ballero to continue the operation of the said business as a sole proprietorship, and since all good will is transferred to him, the withdrawing partner shall not engage in any business bearing a deceptively similar name to that utilized by the said partnership within a period of five years from the date hereof."
*455 The petition concludes by alleging that the actions of defendant amounted to fraud and that plaintiff is entitled to a reduction in the purchase price for the value of the good will, together with damages and an attorney's fee. The prayer is for $6,000, a reasonable attorney's fee, and costs.
The good will of a business is an incidental property right connected with the business, and capable of sale and transfer from one owner to the other. Succession of Conway, 215 La. 819, 41 So.2d 729; Vonderbank v. Schmidt, 44 La.Ann. 264, 10 So. 616, 15 L.R.A. 462; Bergamini v. Bastian, 35 La.Ann. 60; 24 Am.Jur. Good Will § 12.
Many definitions have been given of good will as the object of a sale and it is difficult to state one which is both concise and comprehensive. Generally the definitions given by the courts include as a leading element the probability that the customers of the old establishment will continue their patronage. 38 C.J.S. Good Will § 1; Liquidators of Nicholson Pub. Co. v. E. S. Upton Print. Co., 152 La. 270, 93 So. 91. It occurs to us that this probability of a continuance of trade by old customers is a central and possibly the most important element, for the essence of good will lies in the capacity of a business to attract and retain customers. 24 Am.Jur. Good Will § 8.
The alleged fact that the defendant operated a business identical to that of the former partnership and in competition with the plaintiff gives the plaintiff no legal grounds for objection. The rule is that, in the absence of an expressed stipulation to the contrary in the contract, the sale of a business with the good will thereof does not prevent the vendor from engaging in a similar business in the same vicinity or elsewhere. Davis v. Dees, 211 La. 229, 29 So.2d 774; Bergamini v. Bastian, supra. Testimony that the seller orally agreed that he would not go into a competitive business is inadmissible on the grounds that the same would enlarge the terms of the written contract in violation of LSA-Civil Code, Article 2276. Davis v. Dees, supra. Therefore the above quoted Articles 6 and 8 of the petition do not state a cause of action. The former is unprovable and the defendant has a right to operate a business as alleged in the latter.
The defendant also retains the right to publicly and privately advertise his business provided that he does not use, or engage in any business bearing, a deceptively similar name to that of the former partnership in contravention of the above quoted restriction contained in the sale. For this reason the first part of Art. 9 of the petition does not state a cause of action. However, we are of the opinion that the second part of Art. 9, relative to contacting customers of the old partnership in competition with the plaintiff, does state a cause of action. The principle as to both is expressed in 24 Am.Jur. Good Will § 23 as follows:
"The vendor of good will having the right to conduct a rival business may seek for trade by any honest method, including public advertisement or private advertisement among those who were not customers of the old business, and he may deal with the old customers who, attracted by their knowledge, gained by advertising or otherwise, that he is in business, choose to come and trade with him. However, the vendor will not be permitted to destroy the value of the good will by canvassing directly the old customers, endeavoring to dissuade them from dealing with the purchaser of the good will, and soliciting them to trade with the vendor. The seller's solicitation of former customers may relieve the purchaser of his obligation under the contract to pay for the good will."
The case of Lindstrom v. Sauer, La.App., 166 So. 636, is of interest in connection with the point we are now discussing. In the Lindstrom case the sale transferred the good will of a motorcycle business and contained a stipulation to the effect that the *456 vendor would not engage in such a business as long as the purchaser remained in the business in the City of New Orleans. Despite this stipulation the seller continued the business at its former location and advertised under the business corporate name. This court held that the agreement preventing the seller from engaging in business was void as being in restraint of trade and against public policy but that the transfer of good will entitled the purchaser to use the name of the business transferred. The court awarded damages to the plaintiff in the full amount fixed in the contract of sale as the value of the good will. The rationale relative to the purchase of the right to use the name is found on page 639 where the court says, in referring to the vendor: "* * * but the duty was imposed upon him not to use his name or the name of the corporation in such manner as to deprive plaintiff of any of the rights and privileges accorded to plaintiff by reason of the transfer of the good will * * *"
We have been able to find only one Louisiana case which directly passes on the question of whether or not a sale of good will prevents direct solicitation of old customers by the vendor. This is the case of J. Alfred Mouton, Inc. v. Hebert, La. App., 199 So. 172. It is concerned with the sale of an insurance business and holds squarely that a sale of good will prevents direct solicitation by the seller of old customers of the business. See also 20 R.C.L. Partnership § 266.
We are of the opinion that the last portion of Art. 9 of the petition does state a cause of action by alleging that the defendant is contacting customers of the former partnership business in competition with the plaintiff, for it seems to us that, fairly considered, this has reference to direct solicitation of the old customers. Moreover, it would appear that the solicitation began very shortly after the passage of the sale. For the petition was filed just four months after the sale was passed and alleges that defendant "is" contacting customers, etc. Such direct solicitation by the defendant would seriously impair, and perhaps destroy, the good will purchased by the plaintiff and on proper proof thereof the latter would be entitled to some of the relief for which he prays.
For the reasons assigned the judgment appealed from is reversed, the exception of no cause of action is overruled, and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law, all costs to await a final determination.
Reversed and remanded.