459 So.2d 735 (1984)
Rita Bouterie BOYLE
v.
William BOYLE.
No. CA-1897.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Writ Denied January 14, 1985.
*736 Milton E. Brener, Garon, Brener & McNeely, New Orleans, for defendant-appellee.
Harry R. Cabral, Jr., H. Craig Cabral, Cabral & Cabral, Metairie, for plaintiff-appellant.
Before BYRNES and WILLIAMS, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
WILLIAMS, Judge.
This is an appeal from a trial court's special hearing to determine the sole issue of the status of the "Bill Boyle Agency." The said agency was begun during the marriage of Rita and Bill Boyle and continues to date.
Rita and Bill Boyle, the plaintiff and defendant respectively, were married in Louisiana in 1966. At the time of the marriage, Bill was employed as an insurance agent by Mr. Ivy Foret, but shortly thereafter he was approached by American Income Life Insurance Company (AIL) with the opportunity of opening his own agency. In 1967, Rita and Bill moved to Memphis where they opened the "Bill Boyle Agency," with Bill acting as agent for AIL while Rita served as secretary/office manager for the business. From 1967-1974, this arrangement continued as the couple moved from Memphis to Salt Lake City, and then to Denver. In 1974 the couple relocated in New Orleans where they operated the "Bill Boyle Agency"; however, in 1975, Rita ceased working in the office although she did fill in on occasion until the couple separated in 1978.
After viewing substantial evidence, the trial court rendered a judgment recognizing renewals on insurance policies written before the termination of the community as community property; however, the court found that those renewals attributable to the period after the separation are separate property of the agent spouse. Additionally, the court considered the assets of the business and found the sole assets of value to be furniture, fixtures, and equipment located in the agency office on the date of termination of the community. From this judgment Mrs. Boyle appeals.
Because the "Bill Boyle Agency" was begun during the Boyle's marriage it was part of the community of acquets and gains as described in former article 2402 of the Louisiana Civil Code (West 1971) which stated in part:
This partnership or community consists of the profits of all the effect ... of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage [emphasis added].
The trial court awarded Rita one-half of the renewal on policies written as of November 13, 1978, although the funds would not be collected until a future time. Due v. Due, 342 So.2d 161 (La.1977). In her specification of error, however, plaintiff argues that the trial court undervalued her interest when awarding her one-half of the agency business as it stood at termination of the community because she was an integral part of the development of the *737 business and, by agreement with her husband, a partner in a "joint venture." In effect she is asking the court to hold that the "Bill Boyle Agency" was established as a partnership or joint venture rather than a community enterprise and she asks for a continuing partnership interest in the agency.
There is no evidence in the record that Rita and Bill contemplated a "partnership" in the business sense of the word. There was no written partnership agreement, and there is no persuasive testimony to establish the evidence of an oral agreement. To the contrary, the evidence indicated that during the marriage Bill did establish several formal agency partnerships, but never one including Rita.
Plaintiff argues that it is the "consensual element underlying the relationship" which created the partnership. It is true that Rita and Bill consented to work together for the benefit of the marriage; however, this relationship ended upon separation as did the community, and Rita was properly recompensed for her interest at that time.
Rita testified that she has no interest in working in the business, her only interest is in receiving profits earned by Bill from the agency since the separation. To hold that one spouse should be allowed to continue to reap the benefits of the other spouse's labor after the termination of the community is without basis, in this instance.
Besides awarding Rita one-half of the renewal premiums on policies written as of November 13, 1978, Rita received one-half of the assets of the business on said date. In her specifications of error, plaintiff set forth an alternative plea, claiming that the trial court undervalued her community interest when the judge failed to include the value of the "good name" of the "Bill Boyle Agency" as an asset of the agency. This argument is without merit. The record abounds with testimony to the effect that the name "Bill Boyle Agency" has no monetary value and in its judgment the court states:
[T]he court finds the sole asset of value of the said business to be the furniture, fixtures and equipment located at the office of the Bill Boyle Agency on said date.
The court further finds there to be no other items of value, tangible or intangible, forming part of the said business.
It is clear that the trial court did consider whether or not the name of the agency had a monetary value and the testimony was persuasive enough to show that it did not.
For the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.