478 So.2d 532 (1985)
Stephen M. DEPNER
v.
Susan Benton DEPNER.
No. 84 CA 0597.
Court of Appeal of Louisiana, First Circuit.
September 11, 1985.
Rehearing Denied November 8, 1985.
Writ Denied January 13, 1986.
Diana M. Sanders Raceland, Robert Picou, Jr., Houma, for plaintiff-appellee Stephen M. Depner.
Jerald P. Block, Thibodaux, for defendant-appellant Susan Benton Depner.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Stephen M. Depner (plaintiff) and Susan Benton Depner (defendant) were married on June 28, 1976. They were legally separated on August 2, 1979. Plaintiff brought suit to obtain a settlement of the community which had existed between them. Prior to trial, all issues were amiably resolved except the enhanced value of plaintiff's professional medical corporation.
Plaintiff, a medical doctor, incorporated his practice before he and defendant married. The corporation was his separate property. The parties were unable to place a value on the corporation as of the date of the dissolution of the community.
The law in effect at the time was La.C.C. art. 2408, which provided:
When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proven that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proven that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.
The trial court arrived at a figure of $33,047.04 as the value of the corporation. He refused to include in this valuation any sum for earning capacity or intangibles. *533 Judgment was rendered accordingly in defendant's favor for $16,523.52. She has appealed. Plaintiff has answered the appeal, praying that the amount of the judgment be decreased. We find no error in the trial court's evaluation.
The main issue before us is whether the trial court erred when it failed to place any value on intangible assets, such as earning capacity or good will, of this corporation.
The court reasoned that defendant had no interest in and could not share the earnings of the corporation because under the provisions of La.R.S. 12:905(B) only a physician or medical corporation which owns stock in a medical corporation can participate in its earnings. Defendant argues she is not attempting to participate in the earnings of the corporation but that she is entitled to have its earning capability considered in valuing the corporation's worth.
We must first determine whether to classify the intangible assets such as goodwill and/or earning capacity as "property". The Louisiana Supreme Court has defined property as follows:
The intent, we believe, is that all property (in the broad sense of the word) is to form part of the community, if acquired during the marriage (with the narrow and non-applicable exceptions noted). Property, in its broad sense, denotes all patrimonial rights. 2 Yiannopoulos, Louisiana Civil Law Treatise, Property, Section 1 (1967). The civil law concept of patrimony includes the total mass of existing or potential rights and liabilities attached to a person for the satisfaction of his economic needs. Yiannopoulos, above cited, Section 77; Creech v. Capital Mack, Inc., 287 So.2d 497 (La.1973). In general, "[p]atrimonial rights are those susceptible of pecuniary evaluation, and which, for this reason, may form part of a person's patrimony." Yiannopoulos, Louisiana Civil Law System, Section 70, p. 243 (1971).
Due v. Due, 342 So.2d 161, 165 (La.1977). Whether professional good will is property is a res nova issue in Louisiana, but it has been considered in Law Review comments. See 43 La.L.Rev. 119 (1982); 56 Tul.L.Rev. p. 313 (1981).
In the present case, the community was dissolved as of August 2, 1979. Earnings of the plaintiff after that date became the separate property of the plaintiff. Therefore, earnings after the date of dissolution of the community cannot be considered as a factor in determining the corporation's value for the purpose of the community property partition.
The division of authority on the question of whether good will may exist in a profession dependent on the personal qualities of the professional himself has been stated in this manner;[1] "... It has frequently been held that good will does not adhere to a business or profession dependent solely on the personal ability, skill, integrity, or other personal characteristics of the owner. According to other decisions, however, good will may exist in a professional as well as a commercial business, and may be sold together with the estate, and, irrespective of whether there is technically a good will adherent to a business or profession dependent on personal qualities of the owner, contracts disposing thereof coupled with an agreement that the seller would not compete, if otherwise valid, are enforced. In any case, an involuntary sale cannot be made of a good will based on professional reputation." 38 C.J.S. Good Will § 3, pp. 952-953.
It is generally held that good will has no existence as property in and of itself, as a separate and distinct entity, but only as an incident of a continuing business having locality or name. 38 Am.Jur.2d Good Will § 3, p. 914 and cases therein cited. The rule has been otherwise stated that as good will must adhere to some principal property or right, the extinction of such right operates to extinguish the *534 good will dependent upon it. 38 C.J.S. Good Will § 4, p. 953. The good will in which Mrs. Depner seeks to share is the professional compentence, as perceived by his patients, with which her husband has practiced his art. Professional medical competence is personal to the physician and cannot be attributed to the corporation because it is a personal relationship between physician and patient, not between corporation and patient. Since good will must adhere to some principal property or right it is therefore dependent upon the property or right of either the corporation or the individual or both. In examining the good will in this case we find that it exists independent of the corporation. Absent the corporation it exists, absent the physician it does not exist. Therefore it is not an asset of the corporation. The corporation may profit from this relationship but it cannot share in it. The corporation cannot share in a personal relationship between physician and patient.
In any event it cannot be said that the accrued good will in the medical practice of Dr. Depner was an earned or vested property right at the time of the divorce or that it qualifies as property subject to division by decree of the court. It did not possess value or constitute an asset separate and apart from the person of Dr. Depner in his individual capacity to practice his profession.[2] It would be extinguished in the event of his death or retirement or disablement as well in the event of the sale of his practice or the loss of his patients, whatever the cause.
The good will of the husband's medical practice may not be characterized as an earned or vested right or one which fixes any benefit in any sum at any future time. That it would have value in the future is no more than an expectancy, wholly dependant upon the continuation of existing circumstances. See Nail v. Nail, 486 S.W.2d 761 (Tex.1972).
Further support for the above conclusion is found in the very fact that the relationship between the individual medical practioner and his patient is so personal as to have a statutory privilege protecting it.
Good will in Louisiana is defined as "the chance or probability that custom will be had at a certain place of business in consequence of the way that business has been conducted." Vonderbank v. Schmidt, 44 La.Ann. 264, 10 So. 616 (1892), as followed in Ballero v. Heslin, 128 So.2d 453 (La. App. 4th Cir.1961).[3] In speaking of good will, Am.Jur.2d. states "the narrowest definition is stated as the probability that old customers will resort to the old place." 38 Am.Jur.2d. Good Will § 1, p. 912. That particular sentence is footnoted and the footnote makes reference to the aforementioned Vonderbank v. Schmidt. This narrow definition has been broadened in some cases. However, no case from Louisiana is cited as defining good will any broader than the way it is decided in Vonderbank v. Schmidt. 38 Am.Jur.2d Good Will § 4, p. 914 states as follows, "however, good will cannot be separated from the business in which it inheres, nor can it be disposed of independently from the business. It has no existence as property in and of itself, as a separate and distinct entity, but only as an incident of a continuing business having locality or name."
We note with interest the article in 43 La. Law Review page 119 et seq. which seems to indicate that good will is a community asset to be valued and divided upon termination of the community. We disagree. We agree with the Wisconsin Court of Appeals in Holbrook v. Holbrook, 103 Wis.2d 327, at 350-51, 309 N.W.2d 343 (Wis.Ct.App., 1981) in its rationale for the opposite view.
"We are not persuaded that the concept of professional goodwill as a divisible marital asset should be adopted in Wisconsin. We are not obligated nor inclined *535 to follow the twisted and illogical path that other jurisdictions have made in dealing with this concept in the context of divorce.
The concept of professional goodwill evanesces when one attempts to distinguish it from future earning capacity. Although a professional business's good reputation, which is essentially what its goodwill consists of, is certainly a thing of value, we do not believe that it bestows on those who have an ownership interest in the business, an actual, separate property interest. The reputation of a law firm or some other professional business is valuable to its individual owners to the extent that it assures continued substantial earnings in the future. It cannot be separately sold or pledged by the individual owners. The goodwill or reputation of such a business accrues to the benefit of the owners only through increased salary.
. . . . .
Like an educational degree, a partner's theoretical share of a law firm's goodwill cannot be exchanged on an open market; it cannot be assigned, sold, transferred, conveyed or pledged. Although we recognize the factual distinction between a degree-holder and a partner or shareholder in a law firm, we think the similarities compel analogous treatment in a divorce setting. In both cases, the `assets' involved is not salable and has computable value to the individual only to the extent that it promises increased future earnings.
There is a disturbing inequity in compelling a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value."
The above language was also quoted by Justice Herd of the Kansas Supreme Court in the case of Powell v. Powell, 648 P.2d 218. (Kan.1982).
Justice Herd further stated:
We are not persuaded a professional practice such as Dr. Powell's has a good will value. The practice is personal to the practitioner. When he or she dies or retires nothing remains. The professional's files and lists of clients are of no use to others. The very nature of a professional practice is that it is totally dependent upon the professional. We refuse to adopt the theory that good will in a professional practice is an asset subject to division in a divorce action.
Powell, supra.
Given Louisiana's narrow definition of good will and the total dependency of good will on the individual physician, we conclude that in the case of a sole medical practioner like Dr. Depner, good will does not form a part of the corporate assets.
For the above and foregoing reasons the judgment of the trial court is affirmed. Defendant, Susan Depner, is to pay all costs.
AFFIRMED.
SHORTESS, J., dissents and assigns reasons.
SHORTESS, Judge, dissenting.
We are not dealing with an individual medical practice here but a professional medical corporation. The majority presumes that, absent Dr. Depner, no value can be assigned to the intangibles belonging to his wholly owned medical corporation. I cannot go that far because a corporation consists of intangible as well as tangible assets. Good will is an intangible asset and as such is a patrimonial right. Yiannopolous, Louisiana Civil Law System, § 70, p. 243 (1971). I would remand to determine the value of this corporation's good will.
I respectfully dissent.
NOTES
[1] We note that the issue in this case is limited solely to a one-man professional medical corporation.
[2] The value of a thing is the amount of laboring or work that its possession will save the possessor. (Henry George: The Science of Political Economy).
[3] Although the Ballero court held that good will was a property right, Ballero dealt with a commercial rather than a professional business.