482 So.2d 108 (1986)
Charles W. PEARCE
v.
Dorothy Gloria DeLorenzo, Wife of Charles W. PEARCE.
No. CA-3639.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Writs Denied March 14, 1986.
*109 Phillip A. Wittmann, Sheila M. Lambert, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiff-appellee Charles W. Pearce.
Harry S. Hardin, III, Thomas A. Casey, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant Dorothy Gloria DeLorenzo, wife of Charles W. Pearce.
Mary Ann Coffey, President Assoc. for Women Attys., New Orleans, amicus curiae.
Before BARRY, BYRNES and CIACCIO, JJ.
BARRY, Judge.
Dr. and Mrs. Charles W. Pearce were divorced by consent judgment on December 14, 1983 after twenty-eight years of marriage and basically agreed on a partition of their $2 million plus community estate. Dr. Pearce seeks reimbursement for the community's $110,000 1983 income taxes and Mrs. Pearce claims Dr. Pearce's stock in his medical corporation is undervalued.

TAX LIABILITY
The tax liability was covered in the consent judgment:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Charles W. Pearce, will arrange for the preparation of tax returns at his expense and pay all of the income taxes due on the income of the parties for the year 1983.
Dr. Pearce claims he should be reimbursed based on two preceding provisions of the judgment:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, *110 Dorothy Gloria DeLorenzo, is found to be free from fault in the termination of the marriage and during the year 1984 the plaintiff, Charles W. Pearce, will pay to the defendant the sum of $12,000.00 per month alimony. The payments shall be made by the third day of each month during the year of 1984. The payments shall be net of taxes. Charles W. Pearce also shall reimburse the defendant for any income taxes assessed against such payments.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff shall pay all of defendant's medical, nursing and related health expenses. The payments shall be net of taxes and Charles W. Pearce will reimburse the defendant for any income taxes that may be attributable to the payment thereof.
Dr. Pearce argues he was specifically required to reimburse Mrs. Pearce for any tax liability on alimony and medical payments, but a comparable reimbursement provision for 1983 taxes was omitted. He maintains the judgment is conflicting, but it indicates the parties did not intend to relieve Mrs. Pearce of her share of the tax obligation. Mrs. Pearce argues the judgment clearly orders Dr. Pearce to pay the 1983 taxes. We agree.
The requirement that Dr. Pearce pay taxes on 1984 alimony and unlimited medical expenses is separate and unrelated to the mandate that he pay 1983 taxes for both parties. The negotiated judgment unequivocally shifted Mrs. Pearce's 1983 tax liability in accordance with Dr. Pearce's consent. The judgment is unambiguous. If reimbursement was intended the judgment would have so specified. The lower court judgment to the contrary is clearly wrong and reversed.

PROFESSIONAL CORPORATE GOODWILL AS A COMMUNITY ASSET
Mrs. Pearce asserts the trial court should have included $5,880,000 for "goodwill" in its valuation of Dr. Pearce's corporate stock. No Louisiana case has recognized goodwill of a professional corporation as a community asset susceptible of partition.[1]
In written reasons the trial court cited Boyle v. Boyle, 459 So.2d 735, 737 (La.App. 4th Cir.1984), writ denied 462 So.2d 651 (La.1985), and said:
It is extremely difficult for this court to find in this particular case money value for a thing called "goodwill" insofar as Dr. Pearce's medical practice is concerned. There is no doubt that Mrs. Pearce did certain things to advance the course of her husband's ability to practice. The Court assumes that this is done with most professional people. Mrs. Pearce did nothing more than what a normal wife dould (sic) do in advancing her husband's occupation.
Dr. and Mrs. Pearce agree that stock of a medical corporation is community property and each spouse receives an equal net value. La.R.S. 9:2801. Under R.S. 12:905(B) such stock must be held by a licensed physician or another medical corporation, hence, Mrs. Pearce cannot acquire the stock but is entitled to one half of its value.
Mrs. Pearce claims the value of the stock should include intangibles such as the skill and reputation which Dr. Pearce acquired during the marriage. She asserts the success of Dr. Pearce's practice is directly related to her support of the family during their early years of marriage and her aid in researching and writing medical articles. She entertained and became involved in civic organizations to establish the Pearce name, all of which she submits created professional goodwill which is a community asset.
Dr. Pearce contends his medical corporation has no legally recognizable "goodwill". He is the sole owner of his professional corporation which owns 28% (as of 1984) of *111 a medical partnership. The partnership agreement expressly excludes compensation for goodwill.
Neither Dr. Pearce's certified public accountant nor Mrs. Pearce's economist included goodwill in their valuation of the corporate stock. Mrs. Pearce's economist simply estimated Dr. Pearce's future lifetime earnings at $5,880,000 to arrive at the one-half value claimed by Mrs. Pearce as goodwill. However, he pointed out that for Dr. Pearce's corporation to have future value he must continue to work. We therefore assume that if Dr. Pearce retires or dies, the corporation has no value other than for tangibles. The economist candidly said "I don't even believe in goodwill."
Because of Dr. and Mrs. Pearce's joint efforts they enjoyed and shared a substantial income during their marriage. By consent Mrs. Pearce received $12,000 monthly alimony during 1984 based on her needs (and their prior lifestyle) and Dr. Pearce's income with the expectation of continued substantial income. If his future income was valued in a theoretical fashion, such as work life expectancy, analogized as goodwill, then partitioned, Mrs. Pearce would be paid in advance for an "asset" which may or may not be an asset to Dr. Pearce, and any value would be speculative at best. See Taylor v. Taylor, 473 So.2d 867 (La. App. 4th Cir.1985), writ denied 477 So.2d 1126 (La.1985).
Goodwill does not form a part of the corporate assets of a sole medical practitioner. Depner v. Depner, 478 So.2d 532 (La.App. 1st Cir.1985). The Depner court specified, and we agree:
Professional medical competence is personal to the physician and cannot be attributed to the corporation because it is a personal relationship between physician and patient, not between corporation and patient. Since goodwill must adhere to some principal property or right it is therefore dependent upon the property or right of either the corporation or the individual or both. In examining the goodwill in this case we find that it exists independent of the corporation. Absent the corporation it exists, absent the physician it does not exist. Therefore it is not an asset of the corporation. The corporation may profit from this relationship but it cannot share in it. The corporation cannot share in a personal relationship between physician and patient.
There is no basis on these facts to support Mrs. Pearce's concept and claim for corporate professional goodwill. Dr. Pearce's future earnings have no present value susceptible of partition as a community asset. Mrs. Pearce is not entitled to equity in her ex-husband's potential earnings by claiming one-half as goodwill.

VALUE OF ACCOUNTS RECEIVABLE
Mrs. Pearce argues that the trial court significantly undervalued the partnership's accounts receivable. She asserts the $274,064 value of Dr. Pearce's corporate stock was discounted because excessive unpaid amounts were written off as uncollectable.
Dr. Pearce's partnership agreement provides that upon withdrawal from the partnership the ex-partner will receive an amount equal to the partner's capital account and drawing account, and its proportionate share of all accounts receivable collected within two years.
The certified public accountant's valuation was based on the actual dollar amount of all receivables as of September 30, 1983, the month the community terminated. The ledger card of each patient was reviewed and discounted accordingly. Accounts from 1981 were considered 50% collectible and older accounts with continued payments increased 5% per year. A few weeks prior to trial the accountant repeated the process and verified the accuracy of the accounts receivable and Dr. Pearce's 28% share in the partnership.
Mrs. Pearce provides no factual basis to challenge the $274,064 value and the trial court correctly accepted the accountant's calculations.
*112 The judgment ordering reimbursement of the 1983 taxes to Dr. Pearce is reversed and is otherwise affirmed.
REVERSED IN PART.
AFFIRMED IN PART.
NOTES
[1] The Association for Women Attorneys, New Orleans, submitted an amicus curiae brief on behalf of Mrs. Pearce.