533 So.2d 1009 (1988)
Eva Lynn Hargett GODWIN
v.
Lyn Joseph GODWIN.
No. CA 87 0843.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Rehearing Denied November 30, 1988.
Writ Denied February 17, 1989.
Martin E. Coady, Slidell, for plaintiff-appellee.
Stephen J. Caire, Covington, for defendant-appellant Lyn J. Godwin.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
LOTTINGER, Judge.
This appeal arises from a partition of community property. From a judgment that included goodwill in the value of defendant's business, and which denied defendant's claims for reimbursement on certain items, defendant, Lyn Joseph Godwin, appeals.

FACTS
Early in their marriage, defendant and plaintiff started a business known as L & L *1010 Window Treatment and operated it out of their home in Slidell. The business consisted of custom window treatment, and installing carpet, drapery, and wallpaper. Defendant did not maintain a large inventory; rather, the items were ordered when the service was to be performed. Although defendant did most of the work himself, he sometimes relied on contract labor. Plaintiff, who was a school teacher, assisted defendant during holidays and summers by answering the phone, paying the bills, and maintaining the books.
Four years after they opened L & L, plaintiff and defendant separated. In plaintiff's descriptive list, plaintiff valued the business at $300,000.00. Defendant gave it no value. Neither sought reimbursement from the other for use of separate property to benefit community property.

TRIAL COURT
Following a trial to partition the community of acquests and gains, the trial court assigned a value of $64,000.00 to the business, based on the testimony of an expert in the field of business consultation and valuation. The expert valued the business at $64,000.00 based primarily on the business' goodwill. The tangible assets of the business were very limited.
In reasons for judgment, the trial court relied on Boyle v. Boyle, 459 So.2d 735 (La.App. 4th Cir.1984), writ denied, 462 So. 2d 651 (La.1985), and stated that the definite implication of that case was that the court would have considered goodwill in the valuation of the insurance agency had a goodwill value been established.
The trial court refused to admit evidence regarding defendant's separate property expenditures on community obligations because defendant failed to plead such expenses in his descriptive list. Defendant proffered testimonial evidence, but no documentary evidence was offered to support the testimony.

ASSIGNMENTS OF ERROR
Defendant appeals, alleging the trial court erred:
1) In fixing the value of the former community business by assigning a goodwill value to the future earning capacity of the spouse in a one-man business;
2) In not allowing defendant to present evidence to show he is due reimbursement for using his separate property to pay community debts; and
3) In not allowing defendant to present evidence to show he is due reimbursement for using his separate funds to pay mortgage notes on the community realty.

ASSIGNMENT OF ERROR NO. 1
Defendant urges the trial court ignored prior jurisprudence in considering goodwill in valuing the business. Defendant cites Depner v. Depner, 478 So.2d 532 (La.App. 1st Cir.1985), writ denied, 480 So. 2d 744 (La.1986), and McCarron v. McCarron, 498 So.2d 1139 (La.App. 3rd Cir.1986), writ denied 501 So.2d 233 (La.1987). Those cases, however, are distinguishable as they involved one-man "professional" corporations. The courts, however, have recognized goodwill to be a property right as it applies to commercial businesses. In Footnote 3 of the Depner opinion, the court cited with approval Ballero v. Heslin, 128 So.2d 453 (La.App. 4th Cir.1961), that held goodwill to be a property right, but emphasized the case dealt with a commercial business. Depner, at 534.
Contrarily, this court, as were the Boyle and Ballero courts, is faced with a "commercial" business, "[t]he good will (sic) of [which] is an incidental property right connected with the business and capable of sale and transfer from one owner to the other." Ballero at 455. Going further, the Ballero court defined goodwill as "the probability that the customers of the old establishment will continue their patronage." Id. at 455. See also Succession of Conway, 215 La. 819, 41 So.2d 729, 732 (1949); Desselle v. Petrossi, 207 So.2d 190, 193 (La.App. 4th Cir.), writ denied, 252 La. 108, 209 So.2d 39 (1968).
Inasmuch as the courts have found goodwill to exist in a commercial enterprise, and defendant has established the value of such *1011 goodwill, we hold the trial court committed no error in including goodwill in the valuation of the business.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends the trial court erred in not allowing him to present evidence of payments he made from his separate property toward community debts. As defendant admits, no mention of these payments was made on the descriptive list filed prior to trial. Defendant's attorney instead attempted to elicit testimony from defendant during the trial regarding the separate property used for the benefit of the community. Plaintiff's counsel objected. Although the judge sustained the objection, defendant proffered testimonial evidence, but no documentary evidence was offered to support the testimony.
La.R.S. 9:2801(1), which governs partitions of community property, authorizes the trial court to set a time limit for the filing of each descriptive list. In the case sub judice, defendant was granted a considerable extension to file his descriptive list. Yet the list was void of any claims for reimbursement.
La.R.S. 9:2801(2) provides: "[t]he court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses."
La.R.S. 9:2801(4)(a) dictates: "[t]he court shall value the assets as of the time of trial on merits, determine the liabilities, and adjudicate the claims of the parties."
In Mathews v. Mathews, 457 So.2d 746 (La.App. 2d Cir.1984), the trial court refused to permit the husband to introduce his sworn list, which was filed five days prior to trial, but after the time limit for filing. The Court of Appeals held the court's refusal was within its discretion. We likewise hold it was within the trial court's discretion to not admit defendant's testimony regarding reimbursements due him.
Defendant cites for authority Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir. 1986). However, in that case, the husband's use of separate property to benefit the community was not disputed. Both sides stipulated as to the mortgage payments.
Thus, for the above reasons, the judgment of the trial court is affirmed at defendant's costs.
AFFIRMED.