hFOGG, Judge.
By this appeal, an ex-wife contests the trial court’s valuation of the community enterprises. For the following reasons, we affirm.
Jacqueline Lovell and Darrell Leblanc were married on June 16, 1979. During their marriage, they formed a business called Darrell’s Enterprises, Inc., which was initially engaged in the assembly of bicycles for local retailers. That business was located in a budding that was previously utilized as a convenience store. After repeated requests from customers, Mr. Leblanc began selling some convenience store items, such as, soft drinks, candy and chips. Eventually, the Leblancs formed a second corporation called B.J.’s Quick Stop, Inc.; that corporation also ran convenience stores. Slowly, the businesses expanded to include fourteen convenience stores.
In 1994, the parties divorced; however, no community property settlement was reached at that time. While the parties worked towards a settlement of the community, Mr. Leblanc used funds from the corporations to build a home for himself on a piece of immovable property owned by the community. Ultimately, the parties were unable to reach an agreement on the settlement of the community property and the matter was set for trial to determine the value of the corporations. *1173 The remaining community property valuations were undisputed.
At trial, each party called a certified public accountant to testify. Each accountant valued the corporations using very different methods. Mr. Richard Martin, the CPA hired by Mrs. Leblanc, considered the businesses’ tangible and intangible assets, such as good will, for a total value for B.J.’s Quick Stop of $731,000.00. Mr. Charles Theriot, the CPA hired by Mr. Leblanc, used the liquidation approach: he valued B.J.’s Quick Stop at $304,400.00 and Darrell’s Enterprises at $70,800.00.
The trial court fouAd that Mr. Theriot’s valuation was more realistic. Mrs. Leblanc appeals this ruling, asserting three assignments of error. Mr. Leblanc has answered the appeal and asserted one assignment of error.
13lnitially, Mrs. Leblanc asserts that the trial court erred in not assigning a value to the “goodwill” of B.J.’s Quick Stop and Darrell’s Enterprises and in valuing the corporations at liquidation value rather than at fair market value.
Commercial goodwill is the sum of all favorable attributes contributing to the earning power of a business and is an intangible asset separate from the business enterprise itself. Taylor v. Taylor, 473 So.2d 867 (La. App. 4 Cir.1985), writ denied, 477 So.2d 1126 (La.1985). Goodwill is defined as “the probability that the customers of the old establishment will continue their patronage.” Godwin v. Godwin, 533 So.2d 1009 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1165 (La.1989).
In the instant case, the trial court had the opportunity to hear two certified public accountants provide their expert opinions on the value of the corporations. Mr. Theriot, using the liquidation method in the valuation of the corporations, testified that he considered the financial condition of both of the corporations and determined the value of the assets if sold in an Orderly liquidation, not under duress and not under some forced liquidation. He utilized the balance sheets prepared by Darrell’s accountant, received appraisal reports for the real estate and, then, assumed that all of the assets would be sold for their values. He testified that he did not consider the goodwill of the corporations because, at the time he did his initial report, the corporations were experiencing severe financial difficulties, i.e., problems with the IRS, overdrafts, lost one of their suppliers, and running high debts with another supplier. Furthermore, convenience stores are very common, are easily built and have the same inventory; therefore, there is minimal goodwill associated with any particular convenience store. Finally, he testified that during the interim between the time he prepared his initial report and the date of the trial three locations were sold for the cost of the inventory, basic market value of the equipment and assumption of the lease obligation. In other words, there was strictly a transfer for cost, no goodwill was considered.
pMr. Martin, the CPA that testified on behalf of Mrs. Leblanc, testified that his valuation of the liquidation value and that of Mr. Theriot was very close. The only real difference was the cost associated with goodwill.
The trial court considered all of the testimony and the reports that were introduced into evidence and determined that Mr. Theri-ot’s valuation was more realistic. Although in some cases courts have found goodwill to exist in commercial enterprises, we hold that in the instant case the trial court committed no error in not including goodwill in the valuation of the businesses.
Mrs. Leblanc further asserts that the trial court committed reversible error in offsetting the value of the companies by the amount of a loan due to Darrell’s Enterprises. She contends that the loan allegedly owed by the parties to one of the corporate entities should not have been used to offset the value of assets in the hands of the former husband. We have reviewed the record and have determined that this assignment of error also lacks merit. The value placed on Darrell’s Enterprises takes into account that the loan would be repaid. Although Mr. Theriot’s report indicated an $82,461.00 advance to officers, the court used the figure of $50,000.00, because that was the amount Mr. *1174 Leblanc admitted was used for community purposes. Accordingly, the trial court' gave the proper consideration to the loan.
In her final assignment of error, Mrs. Leblanc asserts that the trial court committed reversible error when it failed to require Mr. Leblanc to account for the income derived by him from the corporations. We have reviewed the record in its entirety and find that the trial court had complete financial information before it. All aspects of the corporations were considered, including the income of Mr. Leblanc. It was shown that the funds that were drawn from the corporations were utilized to pay community debts. Accordingly, we find no merit to this argument.
In answering the appeal, Mr. Leblanc urges that the trial court failed to adjust the value stated in Mr. Theriot’s written report to reflect the increases and decreases in property and | r,other assets during the interim period between the writing of the report and the trial. We find that the trial court was not manifestly erroneous in considering the report as a whole rather than taking each item into consideration on an individual basis. Mr. Theriot testified that one of the pieces of property actually sold for less than the value he placed on the property; however, the rest of the property could, in the future, sell for a greater amount. Therefore, the trial court was correct in accepting the estimated values of all of the property, rather than the actual value of one piece and an estimated value on the remainder.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant.
AFFIRMED.