501 So.2d 344 (1987)
Lucius Joseph PITRE, Plaintiff-Appellant,
v.
Judith Marie Borne PITRE, Defendant-Appellee.
No. 85-1099.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1987.
*345 Kenneth Pitre, Eunice, for plaintiff-appellant.
Morrow and Morrow, S. Scott Chemino, Opelousas, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Lucius Joseph Pitre appeals the judicial partition of community property owned by him and his wife, Judith Marie Borne Pitre. The parties were divorced in 1981 but were unable to agree on a community property settlement. Pursuant to LSA-R.S. 9:2801 each party submitted a version of the community's assets and liabilities through sworn descriptive lists.
Trial on the merits was conducted on November 26, 1984, in which evidence was adduced establishing the various assets and liabilities of the community. A disparity existed between the wife and husband's valuation on several items; particularly disputed was the amount Mr. Pitre owed Eula M. Savoie, the owner of a meat products company, for meat products he distributed through Pitre Distributors, a community enterprise operated during the existence of his marriage to Mrs. Pitre. The trial court did an admirable job sifting through the conflicting values presented. In its written reasons for judgment, the trial court explained: "[T]he suit culminating in divorce was filed August 7, 1981. The community terminated retroactively as of that date. (See Article 159 of the Civil Code.) We must determine the amount due Mrs. Savoie [the owner of the meat company for whom Pitre distributes meat products] as of that date."
Mr. Pitre appeals contending the trial court's ruling is contrary to the law and evidence in that it values the assets and liabilities of the community enterprise as of the date of filing for the divorce as opposed to the time of the trial on the merits of the partition suit as directed by LSA-R.S. 9:2801(4)(a), which provides in pertinent part as follows:
"(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties."
The record shows that both Pitre Distributors and Savoie's Sausage and Meat Products, Inc. had loosely structured accounting systems. Mr. Pitre used the community enterprise's checkbook to pay personal debts including alimony and debts of his second family. Savoie's system of accounting allowed jobbers to carry a debt. Pitre Distributors' debt as of the date of the trial on the merits totaled $28,194 and, based on the record, accrued after the filing for divorce, but prior to the trial to partition the *346 community. Mr. Pitre asserts that the majority of the debt had been accruing over the years, but that Savoie's changed their accounting system by moving the standing debt into a new account and having current Pitre payments or credits imputed to the standing debt. After carefully reviewing the record, we are in agreement with the trial judge that the debt of Pitre Distributors as of the termination of the community, August 7, 1981, was $9,059. This figure was arrived at by reviewing Savoie's records as of that date noting that the amount included the standing debt which was removed from Savoie's accounting records.
We arrive at this determination only after carefully reviewing R.S. 9:2801 and applicable jurisprudence. R.S. 9:2801 contemplates assets and liabilities existing at the termination of the community of acquets and gains. The statute requires the valuation of community assets as of the time of trial because those assets can appreciate or depreciate in value. See Queenan v. Queenan, 492 So.2d 902 (La. App. 3rd Cir.1986), writ denied, 496 So.2d 1045 (La.1986); and Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), writ denied, 466 So.2d 470 (La.1985). Liabilities existing at the time of termination, such as the debt owed to Savoie, do not appreciate or depreciate and, therefore, are fixed at the time of termination of the community. Accordingly, the trial court was correct in its determination that any liability incurred by Mr. Pitre, through Pitre Distributors, after the termination of the community on August 7, 1981, was not attributable to Mrs. Pitre.

THE DISTRIBUTION OF ASSETS AND LIABILITIES
Having found that the trial court properly determined the $9,059 debt, we now consider the equity of the partition. Under R.S. 9:2801 the trial judge has broad discretion, when the parties cannot agree, to divide the assets and liabilities of the former community between the parties so that each receives property of net equal value.
The parties do not challenge the trial court's valuation of community assets, except for the disagreement over the date the assets and liabilities of the community enterprise are to be valued, which are as follows:

(1) Home $59,500
(2) Furniture[1] 1,510
(3) 1975 Trailer 13,000
(4) Horses 2,500
(5) Business Assets 48,073
 ________
 $124,583

Items (1) and (2) were in possession of and allocated to Mrs. Pitre. Items (3)-(5) were in possession of and allocated to Mr. Pitre.
Community liabilities yet to be paid were correctly listed in the judgment. However, certain separate liabilities of Mr. Pitre were also included in the liabilities to be paid by him and will be removed from this calculation. The trial court's calculations are as follows:

(1) Current principal balance on
 home mortgage indebtedness $35,959
(2) Reimbursement for ½ of the
 home mortgage payments paid
 by Mr. Pitre while Mrs. Pitre was
 occupying the home. 7,346
(3) Trailer note 16,338
(4) Business Debts:
 (1) Eula Savoie 9,059
 (2) Buck Exxon 107
 (3) King's 248
 (4) Liabilities on 3 business
 vehicles 23,851
 _______
 TOTAL $83,949

Mrs. Pitre assumed the home mortgage of $35,959 leaving her solvent in the amount of $25,051. Mr. Pitre assumed the remaining community debts listed in (2)-(4) totaling $47,990 leaving him solvent in the amount of $15,583. Thus, Mr. Pitre appears to be entitled to a credit in the amount of $4,734.
*347 In its reasons for judgment, the trial court stated that "there remains less than $3,000 of required equalization payment. With the intangible value in the business going to the husband, their need be no equalization. It is noted that most of the changes in assets and liabilities in the business subsequent to termination would be offsetting."
The record shows that Pitre Distributors did not have intangible value, therefore, the trial court was probably placing a monetary value on the business' goodwill. This court has recently held that goodwill of a medical corporation was not a distinct community asset susceptible of partition, McCarron v. McCarron, 498 So.2d 1139 (La.App. 3rd Cir.1986). For a discussion on intangible assets see Boyle v. Boyle, 459 So.2d 735 (La.App. 4th Cir.1984), writ denied, 462 So.2d 651 (La.1985). Thus we conclude that Pitre Distributors had no intangible value. However, all of the assets used in Pitre Distributors were community property for which Mr. Pitre paid no rent. The rental value of the assets of the business is sufficient not to require an equalization payment by Mrs. Pitre. Therefore, we find the partition judgment is an equitable distribution of community assets and liabilities.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Lucius Joseph Pitre.
AFFIRMED.
LABORDE, J., dissents for written reasons assigned.
LABORDE, Judge, dissenting.
Justice would be better served if this case were reversed and remanded; therefore, I respectfully dissent.
As the majority correctly points out, the trial court determined one liability as of the time of termination, i.e., the $9,059 debt to Eula Savoie. What is not pointed out is that the complement of the liabilities were determined as of the time of trial. Why were not all liabilities determined as of the same time?
LSA-R.S. 9:2801(4)(a) mandates that the trial court "value the community assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties." The majority correctly holds that assets must be valued at the time of trial on the merits. It interprets the comma between "merits" and "determine" as a time warp signal to mean that liabilities may be determined at any point between the petition for separation and the trial on the merits. I cannot accept this interpretation. The statute was designed to facilitate the trial court's job of valuation by fixing the time of valuation. The liabilities and assets should be determined as of the same timethe time of trial on the merits.
Apart from the internal inconsistency of the majority's opinion (and assuming arguendo that liabilities are to be fixed at the time of termination), I feel that the evidence in the record is so incomplete that this court is unable to reach a just decision as to the amount of liabilities burdening Pitre Distributorship at the time of termination. La.C.C.P. art. 2164; Cheramie v. Bone, 444 So.2d 200 (La.App. 1st Cir.1983); Bodin v. Bodin, 392 So.2d 759 (La.App. 3d Cir.1980).
As I feel that this case should be reversed and remanded for the reasons stated above, I dissent.
NOTES
[1] The plaintiff in testimony asserts that he paid $5,000 for the home furnishings. His appraisal is $1,330, while the defendant's appraisal is $1,510. The record is not clear what value the trial court accepted. Because we feel that the $5,000 is not the fair market value at the date of trial, we adopt $1,510 as the value to be used in this partition.