553 So.2d 943 (1989)
Louis I. MEYER, III
v.
Jane Guarino, Wife of Louis I. MEYER, III.
No. 88-CA-2397.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
A. Scott Tillery, Tillery & Tillery, Chalmette, for appellee.
*944 Brian M. Begue, New Orleans, for appellant.
Before SCHOTT, BYRNES and WILLIAMS.
BYRNES, Judge.
Jane Guarino Meyer appeals the district court's judgment partitioning community property pursuant to LA. R.S. 9:2801.
The Meyers were married in the Parish of St. Bernard on March 1, 1975. The legal regime of community property terminated on June 8, 1983, the date on which the husband filed a petition for separation. A judgment of divorce was entered on June 22, 1984. Thereafter, Louis I. Meyer, III, filed a petition for partition of community property on November 22, 1985, and both parties filed descriptive lists. After a hearing on May 9, 1986, the district court rendered a judgment partitioning the community on January 19, 1988.
On appeal Mrs. Meyer (a/k/a Jane Guarino Brousse) presents three issues. She argues that the district court erred in (1) assigning a present value to her retirement fund; (2) not allocating as a community debt her payments made after dissolution of the community on the 1982 Chevrolet Cavalier; and (3) allocating as community debt payments on a vacant lot of real estate which were paid by her former husband.
The former husband avers that the district court erred in allocating the amount of community savings bond cashed by the wife and the amount of the payments made by him on the vacant lot. He also claims that the court erred in determining that the 1980 Chevrolet Camaro and his vacation pay were community assets for which he owed reimbursement. We decline to rule on Mr. Meyer's claims because his failure to appeal or file an answer precludes this court's consideration of any issues subsequently asserted in brief. La. C.C.P. Art. 2133; Hospital Corporation of America v. Robinson, 499 So.2d 246 (La. App. 1st Cir.1986). A brief submitted by an appellee does not satisfy the requirements of La.C.C.P. 2133. Chaz Ward v. Schwegmann Super Markets, Inc., 538 So.2d 1051 (La.App. 4th Cir.1989).
Pension rights are community assets because such rights constitute deferred compensation for services rendered during the community. McCoy v. McCoy, 460 So.2d 641, 644 (La.App. 4th Cir.1984). The record shows that Mrs. Meyer's employer, the Federal Reserve Bank, contributed $3,300 toward her pension plan during the existence of the community. The trial court awarded half of this amount to Mr. Meyer. However, Mrs. Meyer is not vested in the program until she has been an employee for ten years and is not eligible to receive any retirement payments until age 50. Because the pension benefits are not currently payable, the judgment should only recognize that the former husband is entitled to claim a one-half interest in the percentage of the pension she ultimately receives (if any); such percentage to be based upon the ratio between $3,300 and the total amount ultimately contributed to the plan. Burrell v. Burrell, 518 So.2d 569 (La.App. 4th Cir.1987); Sims v. Sims, 358 So.2d 919 (La.1978).
The former wife claims credit for payments she made with her separate funds on the Cavalier after termination of the community. However, rapid depreciation of the automobile and exclusive use by the former wife precludes reimbursement for payments made after termination of the community. Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986); Dillenkoffer v. Dillenkoffer, 492 So.2d 71 (La. App. 5th Cir.1986), writ denied, 494 So.2d 333 (La.1986).
The trial court found that Mr. Meyer paid $1,505 in mortgage payments on a community obligation and awarded him $752.00 or half of the payments. Mrs. Meyer argues that there was no proof that payments were made with Mr. Meyer's separate funds. However, Mrs. Meyer testified that her former husband paid the notes on the lot after they were separated and she had not reimbursed him for any of those payments and the parties stipulated that they evenly divided the proceeds from *945 the sale of the property. The record contains a copy of a disclosure statement from the bank dated October 6, 1983 for a credit loan totaling $9,694.49 to be paid in 12 monthly payments. Both Mr. and Mrs. Meyer were designated as borrowers. This statement follows a statement from the bank noting a balance on a commercial loan account of $9,651.80 in the name of Mr. and Mrs. Louis Meyer, III dated October 6, 1982 indicating that the original loan to the community was refinanced after the date of separation. The record supports the conclusion that the lot was community property and the mortgage a community debt. La.C.C. Art. 2340; McCoy v. McCoy, supra, 460 So.2d at 645. We find no error in the award to Mr. Meyer of $752.00 for this item.
Accordingly, the judgment of the trial court is affirmed but amended in the following respects:
Mrs. Meyer is to pay Mr. Meyer $1,705 in lieu of $3,370. That part of the judgment dealing with Mrs. Meyer's pension plan is deleted and the following is inserted in lieu thereof:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Meyer is entitled to claim a one-half interest in the percentage of the pension Mrs. Meyer ultimately receives (if any); such percentage to be based upon the ratio between $3,300 and the total amount ultimately contributed to the plan."
As amended, the judgment is affirmed. The cost of the appeal shall be assessed to the husband-appellee.
AMENDED AND AFFIRMED.