649 So.2d 593 (1994)
Edwin G. PREIS, Jr., Plaintiff-Appellee,
v.
Elizabeth Bourque PREIS, Defendant-Appellant.
No. 94-442.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Anthony Fazzio, Richard J. Hymel, for Edwin G. Preis Jr.
Gary McGoffin, Steven Gerald Durio, Christine Bivins Roberts, for Elizabeth Bourque Preis.
Before LABORDE, YELVERTON and DECUIR, JJ.
*594 YELVERTON, Judge.
Both spouses have appealed judgments partitioning their community property. The wife complains that the husband's stock in his professional law corporation was under-valued. The husband complains of rulings about his 1990 bonus and credits for BMW car payments.
The cases were consolidated. Our reasons for decision appear in this case, and a separate judgment is being handed down today in the other, Preis v. Preis, 649 So.2d 597 (La.App. 3d Cir.1994) (Our Docket No. 94-443).
The husband, Edwin Preis, is an attorney, and owned stock in a professional law corporation, Preis & Kraft, of Lafayette. The stock in the law corporation was community property. The community of acquets and gains between Edwin Preis and Elizabeth Preis terminated October 17, 1990. The partition action was tried March 23-25, 1993.

I.

WIFE'S APPEAL

Assignment of Error Number 1:
The trial court fixed the community interest in his stock in the law corporation as having a value of $390,123. The wife's first assignment of error is that the trial judge used a financial statement from 1990, close in time to the termination of the community, to value the stock, and excluded a 1993 financial statement, dated just two months shy of the trial on the merits of the partition, as being irrelevant to the valuation of the stock interest. The substance of this assignment of error is whether the trial court improperly valued the husband's stock in the law corporation as of the time of the termination of the community, rather than as of the time of trial on the merits of the partition.
La.R.S. 9:2801(4)(a):
The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
In Hare v. Hodgins, 586 So.2d 118 (La. 1991) it is emphasized that the court must valuate the asset as of the date of the partition trial as distinguished from the date of the termination of the community. The partition trial in that case was in 1988 while the termination of the community was in 1975.
In Queenan v. Queenan, 492 So.2d 902 (La.App. 3d Cir.), writ denied 496 So.2d 1045 (La.1986), the value placed on the community interest of stock in a corporation was the book value of the stock on the date nearest the trial. Similarly, the value of the community interest in stock in a corporation was determined as of the time of trial in McGehee v. McGehee, 543 So.2d 1126 (La.App. 1st Cir.), writ denied 548 So.2d 327 (La.1989), and Stewart v. Stewart, 585 So.2d 1250 (La. App. 4th Cir.1991), writs denied 590 So.2d 594, 597 (La.1992). Section 2801 requires the valuation of community assets as of the time of trial because these assets can appreciate or depreciate in value. Pitre v. Pitre, 501 So.2d 344 (La.App. 3d Cir.1987).
In the present case it is the husband's contention, apparently adopted by the trial court, that La.R.S. 9:2801(4)(a) means that the assets of the community as they existed at the date of the termination of the community are to be valued at the time of trial of the partition. By this we understand his argued method of evaluation as of the trial on the merits is to first give the asset a value as of the date of termination. He proposes that when the trial on the merits occurs, the previously fixed value of the asset is reevaluated to determine its increase or decrease. The valuation at the trial on the merits is thus relegated to a determination of how that fixed value might have changed by the passage of the time between termination of the community and trial of the partition. In our view, this proposed method of valuation ignores the actual value of the asset "as of the trial on the merits," and we cannot agree with it.
There were two experts. Richard Simonet, a CPA and financial consultant, valued the stock based on January 1991 financial statements of the assets of the corporation. His 1993 fair market valuation of the community interest was based on the 1991 financial statements because the community terminated in 1990.
*595 Buddy Long, a CPA who testified on behalf of the wife, was prepared to testify using 1993 financial statements, but these statements were not admitted into evidence because they were considered irrelevant. The statements are in the record as a proffer.
It was error to disallow the 1993 statements. The legislature has declared that the court shall value the assets as of the time of trial on the merits of the partition. The courts have interpreted the section to mean what it appears to say. The 1993 statements were relevant to the valuation of the stock as of the date of the partition trial on the merits.
We conclude that the trial court made an error of law in refusing to admit and consider the 1993 financial statements. They are in evidence as a proffer and we will consider these statements.

Assignment of Error Number 2:
The husband owned 50% of the stock in the law corporation.
In determining the value of the stock, the trial judge rejected the approach of the wife's expert, Long, and approved the method employed by the husband's, Simonet. Long advocated valuing the community stock at 50% of the assets, while Simonet in his valuation considered the percentage of net income that the husband historically received from the corporation. That interest, 22%, took into account the 22% received annually by the other partner, who was also a 50% owner of stock, and 56% paid to the other members of the firm under a profit-sharing agreement.
We cannot say that it was manifestly wrong for the trial court to choose Simonet's method of valuation over Long's. State, Dept. of Transp. & Dev. v. Walter, 527 So.2d 563 (La.App. 3d Cir.1988). Therefore, utilizing the community interest of the adjusted equity, as did the trial court, but based on the 1993 financial statements rather than the 1991 financial statements, we conclude that the value of the community interest in the stock was $509,416.

Assignment of Error Number 3:
The wife claims the trial court erred in excluding evidence she offered on rebuttal of a shareholder's agreement that arguably would not have reduced the value of the stock by any amounts owed to non-shareholding professionals. The wife attempted to introduce this through the testimony of an attorney who left Preis & Kraft in 1990. The testimony was not admitted but a narration of the substance of it is in the record.
A review of this proffered testimony indicates that a 1983 shareholder's agreement may have been in effect when this attorney left. However, to be consistent with the valuation of the stock as required by La.R.S. 9:2801(4)(a), it would not matter what agreement was in effect when this attorney left the firm. The only relevant time for such an agreement was when the trial on the merits took place. Such testimony was irrelevant to the value of the stock in 1993. It was not error to exclude it.

Assignment of Error Number 4:
By this assignment of error the wife complains that the trial court erred in excluding evidence establishing "practice goodwill" attributable to the community interest, and disregarding it in its valuation of the stock.
The wife argues that there is a difference between "professional" goodwill, or goodwill which attaches to the person, and "practice" goodwill, or goodwill which attaches to the business. She argues that a firm of lawyers, as distinguished from a solo practitioner, has "practice" goodwill, and that this is an item of value belonging to the community.
The trial judge did not consider goodwill in determining the value of the stock in the law corporation. We hold that the trial judge was correct.
There is no Louisiana case dealing with goodwill as it pertains to a legal corporation. However, several cases have held that goodwill does not form a part of the corporate assets of a sole medical practitioner. Depner v. Depner, 478 So.2d 532 (La.App. 1st Cir. 1985), writ denied 480 So.2d 744 (La.1986); Pearce v. Pearce, 482 So.2d 108 (La.App. 4th Cir.), writ denied 484 So.2d 140 (La.1986); McCarron v. McCarron, 498 So.2d 1139 (La. App. 3d Cir.1986), writ denied 501 So.2d 233 (La.1987).
*596 Conceding that these cases exist, and that a law practice is analogous to a medical practice for this purpose, the wife urges nevertheless that the above cases, which deal with a sole practicing professional, should not control where the corporate goodwill is the product of an evolving group of practitioners rather than an individual practitioner. Her reasoning is that a group of lawyers practicing in a highly successful and prestigious firm such as Preis & Kraft take on the same attributes of a commercial business that enable commercial businesses to include goodwill in their valuations.
We reject this contention. Louisiana has made the distinction between goodwill which attaches to the person because of the person's unique qualities, and goodwill which attaches to the business because of the nature of the business. It is true that in the present case we are dealing with a law corporation with several practitioners unlike the practice of sole practitioners as in Depner, Pearce and McCarron. However, as stated in Depner, the reputation of a law firm is valuable to its individual owners to the extent it insures continued earnings in the future. It cannot be separately sold or pledged by the individual owners. This same reasoning applies whether the law firm is a sole practice or one with many attorneys. For the purpose of isolating goodwill, there is neither a theoretical nor a practical difference. The accounts of a commercial business can be sold for a price in the open market regardless of who operates the business. Clients of a law firm choose that firm based on its members and qualifications. Without its attorneys, a law firm has no separate goodwill. We conclude that the trial court did not err in excluding goodwill in the value of the husband's stock.

II.

HUSBAND'S APPEAL

Assignment of Error Number 1:
By answer to the appeal, the husband claims that the trial court erred in finding that the wife carried her burden of proving that a portion of his 1990 end-of-the-year bonus from the firm was community property. He claims that this bonus was not community property because it was earned in December of 1990 after the termination of the community in October of 1990. Our review of the record reveals that it was not clearly wrong for the trial court to find that part of the 1990 bonus was community property.
Larry Sikes, the CPA who prepared the firm's financial statements, testified that bonuses to the partners were based on the cash profits of the firm. The obligation to pay the bonuses occurred as accounts receivable and work in progress were turned into cash. Andrew Meyers, an attorney with the firm, testified that as a partner he shared in the profits of the firm. He stated that if he worked until November, for example, and then left the firm, he would expect to receive a bonus. The husband in his testimony admitted that that was so.
Thus, the wife proved by a preponderance that her husband's 1990 bonus was based on cash profits the firm received throughout 1990 and was therefore part of the community under La.Civ.Code art. 2338.
The husband also claims that there was no evidence in the record of the amount of the bonus he received in 1990. However, P-4 introduced at trial indicated that his bonus for 1990 was $117,500. That was evidence of his 1990 bonus. Thus, there was in fact evidence for the trial judge to make a determination as to the bonus.

Assignment of Error Number 2:
The husband also claims that the trial court erred in not giving him credit for payment of the community's obligation with separate funds relative to a community-owned automobile. His testimony at trial established that he drove and had exclusive use of the BMW during the time for which he seeks reimbursement.
Although this court has not ruled on the issue, other circuits have held that a spouse who has the exclusive use of an automobile following the termination of the community, is not entitled to reimbursement or credit for notes paid on it. Meyer v. Meyer, 553 So.2d 943 (La.App. 4th Cir.1989); Guillaume v. Guillaume, 603 So.2d 235 (La.App. 4th Cir. *597 1992); Dillenkoffer v. Dillenkoffer, 492 So.2d 71 (La.App. 5th Cir.), writ denied 494 So.2d 333 (La.1986). We agree. The trial court did not err in this ruling.

CONCLUSION
For these reasons, the judgment of the trial court fixing the partition value of the stock of Preis & Kraft at $390,123 is amended to increase that value to $509,416. As amended, the judgment is affirmed. Costs of this appeal are assessed to Edwin Preis.
AMENDED AND AFFIRMED.