799 So.2d 829 (2001)
Janet Patrice NASH
v.
Michael Lynn NASH.
No. 01-766.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
Martha Ann O'Neal, DeRidder, LA, Counsel for Plaintiff/Appellee: Janet Patrice Nash.
Charles A. Sam Jones, III, DeRidder, LA, Counsel for Defendant/Appellant: Michael Lynn Nash.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and MARC T. AMY, Judges.
BILLIE COLOMBARO WOODARD, Judge.
Mr. and Ms. Nash divorced on September 20, 1993, based on a petition that was *830 filed on December 21, 1992, the date on which the community ended. Almost one year later, Ms. Nash filed a petition for the partition of the community property. The trial court held the partition trial on May 29, 1996, entered an order on August 24, 2000, and signed the judgment on February 1, 2001.
Mr. Nash appeals the partition order, contending that the trial court erred in awarding Ms. Nash a credit for payments, which she made on the community automobile with her separate funds, since she had the exclusive use of it. Additionally, he contends that the court erred in disallowing his claim for reimbursement of one-half of the community indebtedness owed to Discover Card Financial Services.

* * * * *

THE AUTOMOBILE
During the marriage, Mr. and Ms. Nash purchased a 1990 Pontiac Grand Am. Ms. Nash had exclusive use and possession of it. At the partition trial, the parties stipulated that the balance owed on its mortgage was $7,000.00 at the time of the community's termination. Consistent with La.Civ.Code art. 2365, the trial court awarded Ms. Nash reimbursement/credit for payments, which she had made on the indebtedness after the termination of the community. Mr. Nash alleges that Ms. Nash is not entitled to reimbursement for any portion of her payments, made on the vehicle, from December 21, 1992, the time of the community's termination, to the trial date. He relies on Preis v. Preis,[1] and Bergeron v. Bergeron,[2] two cases from this circuit, which stand for the proposition that a spouse, who has exclusive use of a vehicle, following the termination of the community, is not entitled to reimbursement or a credit for the money paid on it.
The Preis and Bergeron rules are jurisprudential exceptions to the general rule, found in La.Civ.Code art. 2365, which provides:
If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of the community.
We find that Preis and Bergeron are inconsistent with our interpretation of La. Civ.Code art. 2365 and decline to follow them. Accordingly, we affirm the trial court's decision on this issue.

MS. NASH'S ANSWER TO THE APPEAL
In her answer, Ms. Nash requests that if we disallow her reimbursement for the separate funds, which she paid on the automobile debt, we recalculate the equalization payment, which she received. Our decision above pretermits consideration of this issue.

*831 THE DISCOVER CARD
At the trial, Mr. Nash testified as to an alleged community debt, concerning Discover Card, which Ms. Nash denied. The trial court delayed ruling on this issue and left the record open to permit Mr. Nash to furnish a full account history of the debt. However, in its order, the court stated that no information, relative to the Discover Card, had been received, and it disallowed the claim for reimbursement.
In his brief, Mr. Nash's counsel alleges that he furnished the information to the trial court, following the hearing, by providing the court with a copy of the statement from Discover Card Financial Services on July 1, 1997 and again on March 13, 2000. He states that the statement reflected a balance of $1,669.51 as of December 2, 1992. And, his counsel attached a copy of this statement to his brief, noting that the record, before us, does not contain it.
We may not consider attachments to briefs, which are not a part of the record, as we cannot go beyond the record in rendering a decision.[3]
All that we have before us is the trial court's assertion that it never received Mr. Nash's statement. Although, the record contains copies of checks, which Mr. Nash wrote after termination of the community in order to pay the Discover Card debt, these checks do not establish that the debt was a community debt. Additionally, after the community ended, Mr. Nash's affidavits of income and expense, which were submitted in connection with the divorce case, listed the Discover Card debt as his expense. Listing it as a debt in another proceeding, without more, does not establish it to be a community debt. This was the reason that the trial court permitted the record to remain open for supplementation with the Discover Card's account history.
Given the evidence in this record, we find no error in trial court's decision to disallow Mr. Nash's claim for reimbursement of one-half of the Discover Card debt and affirm that decision, as well.

CONCLUSION
We find no error in the trial court's decisions, concerning Ms. Nash's credit for the car notes, which she paid on the community vehicle with separate funds, and in disallowing Mr. Nash a credit for one-half of the Discover Card debt, for which he failed to prove his entitlement. We affirm and cast Mr. Nash with all appeal costs.
AFFIRMED.
NOTES
[1] 94-442 (La.App. 3 Cir. 11/2/94); 649 So.2d 593, writ denied, 94-2939 (La. 1/27/95); 649 So.2d 392.
[2] 96-1586 (La.App. 3 Cir. 4/9/97); 693 So.2d 199.
[3] La.Code Civ.P. art. 2164; State v. Property Located at # 70 Oakland St., 98-929 (La.App. 5 Cir. 1/26/99); 727 So.2d 1240; LaFleur v. Entergy, Inc., 98-344 (La.App. 3 Cir. 12/9/98); 737 So.2d 761, writ denied 99-57 (La.2/26/99); 738 So.2d 587.