927 So.2d 1235 (2006)
Stanley MASON, Plaintiff-Appellant
v.
Rowena MASON, Defendant-Appellee.
No. 40,804-CA.
Court of Appeal of Louisiana, Second Circuit.
April 19, 2006.
Rehearing Denied May 11, 2006.
*1237 Louis Granderson Scott, for Appellant.
Evelyn Kelly, for Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
The plaintiff, Stanley Mason, appeals a trial court judgment partitioning the former community property of the plaintiff and the defendant, Rowena Mason. For the following reasons, we affirm in part and reverse in part the trial court judgment.

FACTS
The parties were married in 1980 and Stanley filed a petition for divorce, custody and visitation on December 13, 2000. A judgment of divorce was filed by the trial court on December 19, 2000. The former community property was not partitioned at that time.
On February 12, 2003, Stanley filed a petition for partition of the former community and attached a detailed descriptive list. Rowena asserted that the parties had reached an extrajudicial verbal agreement to partition the former community. She also traversed the detailed descriptive list filed by Stanley.
A hearing on the partition suit was held on March 26, 2004. On February 24, 2005, the trial court filed a judgment partitioning the community. After assigning a net value of $83,972.00 to the former community, the court awarded Stanley $8,217.45 and Rowena $28,400.00 for reimbursement for payment of community debts. The court recognized that each party was entitled to a portion of the other's retirement and then allocated assets and liabilities between them. Rowena received the family home, a vacant lot, a 1997 Ford Expedition, and household furnishings. Stanley received a 1968 Camaro, a master bedroom set and painting, a 1992 GMC pickup truck, a riding lawn mower, and savings bonds.
In assigning community liabilities, Rowena was allocated the mortgage on the house, the loan on the Expedition, and the balance due on another loan. No liabilities were assessed to Stanley. After considering the reimbursement amounts owed between the parties, the court found that Rowena owed Stanley an equalizing payment of $1,803.35.
Stanley appealed the trial court judgment, arguing that the trial court erred in awarding Rowena reimbursement for one-half of the amount she paid on the mortgage on the family home and the loan on the Expedition after the termination of the community. He also claimed that the trial court erred in overvaluing the Camaro which was allotted to him in the partition.

*1238 VALUATION OF THE 1968 CAMARO
Stanley claims that he listed the value of his Camaro at $5,290.00, but that the trial court valued the car at $11,300.00, without any evidence to support that decision. This argument is without merit.
La. R.S. 9:2801(A)(4)(a) provides that the court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties. La. R.S. 9:2801(A)(4)(c) provides, in pertinent part, that the court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant.
A trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of assets between the spouses. A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Sherrod v. Sherrod, 1997-907 (La.App. 5th Cir.3/25/98), 709 So.2d 352, writ denied, XXXX-XXXX (La.6/5/98), 720 So.2d 687.
In light of this discretion, the trial court is not required to accept at face value a spouse's valuation of assets or debts, or claims against the community. See Cutting v. Cutting, 625 So.2d 1112 (La.App. 3d Cir.1993), writ denied, 1993-2770 (La.1/7/94), 631 So.2d 453; Sheridon v. Sheridon, 2003-103 (La.App. 3d Cir.2/4/04), 867 So.2d 38.
After the hearing on the suit for partition, the trial court ordered the parties to provide proof of the value of the automobiles involved in this case. Regarding the Camaro, the plaintiff attached a page from an internet car appraisal guide to his post-trial brief. This document lists the low retail price of the car, with a V-8 engine at $5,290.00. This amount is circled. Low retail value is defined as a vehicle in mechanically functional condition. There was no evidence presented at trial as to the options on the car, such as a V-8 engine, or the condition of the car. Based upon the information furnished by Stanley, the average retail of such a vehicle, without a V-8 engine, is listed as $11,300.00. The average retail value is described as a vehicle in good condition overall. In its reasons for judgment, the trial court specified that it accepted the average retail value. There is no showing that the trial court abused its discretion in making this determination. The plaintiff's argument to the contrary is rejected.

REIMBURSEMENT FOR MORTGAGE PAYMENTS
The judgment of partition recognizes Rowena's entitlement to one-half of the mortgage notes she paid on the former matrimonial domicile from the termination of the community property until the date of trial. This amount totaled $11,705.00.
Stanley contends that the trial court erred in ordering reimbursement to Rowena for one-half of the mortgage payments where she was awarded use of the family home during the proceedings and ownership of the house in the partition judgment. He also asserts that a spouse seeking reimbursement must show that separate funds were used to pay a debt of the community. Stanley claims that *1239 Rowena failed to make such a showing. These arguments are without merit.
La. R.S. 9:374(C) provides:
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, except as hereafter provided. If the court awards use and occupancy to a spouse, it shall at that time determine whether or not to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings. If the parties agreed at the time of the award of use and occupancy to defer the rental issue, the court may make an award of rental retroactive to the date of the award of use and occupancy.
In McCarroll v. McCarroll, 1996-2700 (La.10/21/97), 701 So.2d 1280, the Louisiana Supreme Court held that rental payments may not be retroactively assessed under La. R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court. The court reasoned that the use and management of a thing held in indivision is determined by agreement of all the co-owners. A co-owner is entitled to use the thing held in indivision according to its destination, but he cannot prevent another co-owner from making such use of it. Nevertheless, it is well established that a co-owner need not pay rent to another co-owner for his exclusive use of the co-owned property. The assessment of rent under La. R.S. 9:374(C) requires an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy. McCarroll v. McCarroll, supra. When there is no evidence of court ordered rent or an agreement between the parties, the occupying spouse is not liable for rent. Gay v. Gay, 31,974 (La.App. 2d Cir.6/16/99), 741 So.2d 149.
In this case, Rowena had the exclusive use of the family home, but there was no agreement or court order regarding rent. To disallow her reimbursement claim for one-half of the mortgage payments would be to effectively charge her for use of the home by retroactively assessing her rent for her occupancy, without either an agreement by the parties or a court order to that effect. This would violate La. R.S. 9:374(C) and the rule established in McCarroll v. McCarroll, supra. See Gill v. Gill, 39,406 (La.App. 2d Cir.3/9/05), 895 So.2d 807; Ball v. Ball, 32,851 (La.App. 2d Cir.3/1/00), 757 So.2d 824; Moore v. Moore, XXXX-XXXX (La.App. 3d Cir. 11/2/05), 917 So.2d 1126. Accordingly, the trial court did not err in awarding Rowena reimbursement for the mortgage payments.
Further, we reject Stanley's argument that Rowena failed to prove the separate nature of the funds used to pay the house notes. The parties stipulated that Rowena made 40 payments on the mortgage after termination of the community until the date of the hearing. The record does not indicate that any source of community funds was used to make the payments. Therefore, the trial court correctly concluded that Rowena made the payments out of her separate funds.

REIMBURSEMENT FOR NOTES ON THE 1997 FORD EXPEDITION
Stanley contends that the trial court erred in ruling that Rowena was entitled to reimbursement for one-half of the payments she made on the 1997 Ford Expedition following the termination of the community. This argument has merit.
*1240 In Gill v. Gill, supra, this court rejected a spouse's claim for reimbursement for one-half of the payments for a community automobile that had been in the exclusive use of that spouse. We stated that:
Interpreting Article 2365 for community automobile debt, the courts have held that a spouse who has the exclusive use of an automobile following the termination of the community is not entitled to credit for notes she paid on the vehicle. See, Bergeron v. Bergeron, 96-1586 (La.App. 3d Cir.4/9/97), 693 So.2d 199; Preis v. Preis, 94-442 (La.App. 3d Cir.11/2/94), 649 So.2d 593, writs denied, 94-2939, 94-2942 (La.1/27/95), 649 So.2d 392. Davezac v. Davezac, 483 So.2d 1197 (La.App. 4th Cir.1986), explained that this occurs because an automobile rapidly depreciates so that its use is directly related to its depreciation. We agree with this reasoning. The car note payments by the spouse using the vehicle are considered as payment for the depreciation caused by such use. Therefore, the trial court's rejection of this reimbursement claim is affirmed.
The Gill opinion was contrary to an earlier opinion this court made on depreciating movables. In Chance v. Chance, 29,591 (La.App. 2d Cir.5/7/97), 694 So.2d 613, we reasoned that La. C.C. art. 2365 makes no distinction between movable or immovable property that depreciates over time.[1] We noted that the first circuit, in Williams v. Williams, 509 So.2d 77 (La.App. 1st Cir.1987), refused to make the distinction applied by the other circuits in this state. In Chance, we allowed reimbursement for one-half of the separate funds expended by one of the parties after the termination of the community on the car payments for a former community vehicle.[2]
We also note that several other circuits in this state distinguish between payments on former family homes and those made on automobiles. Those courts hold that mortgage payments on depreciable assets, like vehicles, are not reimbursable.[3] In Gachez v. Gachez, supra, the fifth circuit reasoned that, even though reimbursement is allowed for separate funds expended, after the termination of the community and before the partition, on community mortgage notes for the former family home, the situation involving moveable property is distinguishable. The court in Gachez stated that automobiles tend to depreciate in value over a period of time and the use of the vehicle is directly related to its depreciation. Equity would dictate that a party should not have the full use, benefit, and enjoyment of the moveable at the expense of the other party. Accordingly, the reimbursement claim was denied.
Interestingly, the third circuit had a similar split of opinion on this issue. In Preis v. Preis, supra, and in Bergeron v. Bergeron, supra, the third circuit declined to award reimbursement for payments *1241 made following the termination of the community by a spouse who had exclusive use of an automobile. However, in Nash v. Nash, 2001-766 (La.App. 3d Cir.10/31/01), 799 So.2d 829, writ denied, XXXX-XXXX (La.2/1/02), 808 So.2d 344, a panel of the third circuit held that there was no reason for any distinction in the application of La. C.C. art. 2365 and allowed reimbursement.
In Sheridon v. Sheridon, supra, the third circuit rendered an opinion en banc to resolve the conflict. The Sheridon court examined La. C.C. art. 2365 and concluded that the provision was not applicable to those instances in which a spouse seeks reimbursement for separate funds spent to satisfy a community obligation after the termination of the community. In reaffirming the holdings in Preis and Bergeron, the Sheridon court reasoned as follows:
The phrase "upon termination of the community property regime" is crucial to our interpretation of La. Civ.Code art. 2365. The Article does not say "upon partition," but specifically uses the words "upon termination." Because of the specific language used, it is clear that the reimbursement scheme contemplated by La. Civ.Code art. 2365 pertains solely to debts paid during the marriage, and not those paid after divorce. Thus, Ms. Sheridon would be entitled, under La.Civ.Code art. 2365, to reimbursement for community debts she paid with separate funds before termination of the marriage. As such, La. Civ.Code art. 2365 is not applicable to the matter before us, and we specifically overrule this holding in Nash.

The court in Sheridon concluded that the trial court erred in ordering the former husband to reimburse the ex-wife for one-half of the amount she paid on a community car after the termination of the community and before the partition.
In the case sub judice, we likewise hold that the more reasonable interpretation of the applicable authority is that contained in Gill v. Gill, supra, as set forth above and followed by the third, fourth, and fifth circuits of this state. Accordingly, we reverse that portion of the trial court judgment which ordered that Rowena was entitled to reimbursement for one-half of her separate funds spent on the note on the Expedition. Limited to this issue, we overrule our contrary opinion in Chance v. Chance, supra.
However, we note that the trial court also allowed reimbursement to Stanley for $1,200.00, one-half of the payments he made on the Camaro after the termination of the community. Even though Rowena has not appealed or answered the appeal questioning this item of reimbursement, it would be inequitable to hold that she is not entitled to reimbursement for payments made on the Expedition while allowing reimbursement to Stanley for the Camaro. La. C.C.P. art. 2164 provides that an appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. Accordingly, we also reverse that portion of the trial court judgment granting reimbursement to Stanley for $1,200.00.

CONCLUSION
For the reasons stated above, we affirm the trial court ruling regarding the valuation of the 1968 Camaro awarded to Stanley Mason and the reimbursement claim of Rowena Mason for one-half of the mortgage payments she made on the former family home after termination of the community.
We reverse that portion of the trial court judgment allowing reimbursement to Rowena Mason for one-half of the payments made on the 1997 Ford Expedition, $10,916.80. We also reverse the trial court *1242 judgment granting reimbursement to Stanley Mason of one-half of the payments he made on the Camaro, $1,200.00. Accordingly, we find that Rowena Mason owes an equalizing payment to Stanley Mason of $11,520.15.[4] Costs in this court are assessed one-half to Stanley Mason and one-half to Rowena Mason.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
APPLICATION FOR REHEARING
Before GASKINS, CARAWAY, PEATROSS, DREW and MOORE, JJ.
Rehearing denied.
NOTES
[1] La. C.C. art. 2365 provides in pertinent part:

If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
[2] The trial court decision in the present case, citing Chance, was entered shortly before this court rendered Gill v. Gill, supra.
[3] See Moore v. Moore, supra; Gautreau v. Gautreau, XXXX-XXXX (La.App. 3d Cir.6/18/97), 697 So.2d 1339, writ denied, XXXX-XXXX (La.11/7/97), 703 So.2d 1272; Bergeron v. Bergeron, supra; Preis v. Preis, supra; Meyer v. Meyer, 553 So.2d 943 (La.App. 4th Cir.1989); Davezac v. Davezac, supra; Gachez v. Gachez, 451 So.2d 608 (La.App. 5th Cir. 1984), writ denied, 456 So.2d 166 (La.1984).
[4] The amount is reached by offsetting $10,916.80, and $1,200.00 in reimbursement for car payments improperly granted, for a total of $9,716.80. This figure is added to $1,803.35, the amount previously awarded by the trial court to achieve the total amount of equalizing payment due from Rowena to Stanley, $11,520.15.