MCCALLUM, J.
*437 In this community property partition case, Adrian Flowers appeals the judgment of the trial court asserting two errors: (1) the trial court erred when it failed to take into consideration the payments she made, offsetting such credits against the value of the property at issue; and (2) the trial court erred when it considered trial testimony about the value of the property. As to her first error, she essentially contends that the trial court erred in denying her a reimbursement for the mortgage payments that she made toward the community home.
Ron Flowers has answered the appeal, arguing that if this Court were to allow her reimbursement, then he would assign the following error: the trial court erred by not allowing his evidence of child support payments made to Adrian Flowers for children he alleges were not his. Ultimately, Ron Flowers argues that if we reverse the trial court's denial of Adrian Flower's reimbursement claim, then he too is entitled to a reimbursement claim, or at the least, entitled to have his evidence considered for such.
For the following reasons, we affirm the trial court's judgment.
FACTS
Adrian Flowers ("Adrian") and Ron Flowers ("Ron") married on January 11, 1992. In July of 2000, the parties purchased a piece of immovable property for $ 21,000.00. The parties made a down payment of $ 4,000.00 and financed the remaining $ 17,000.00 at an interest rate of twelve percent.
In 2002, the parties purchased a mobile home. The mobile home was moved onto the land. The price of the home was $ 8,995.00. The parties paid $ 1,000.00 as a down payment and financed the remainder.
Neither party disputes that community funds were used to make the down payments and the monthly payments, for both the land and mobile home, until the day of divorce. The land and mobile home are the only community property in dispute and we shall henceforth refer to them collectively as the "home."
Ron filed for divorce and incidentals on January 12, 2004. In his pleading, he sought exclusive use of the community home and a Ford Bronco. He also requested DNA testing of a child for whom he paid child support to Adrian and the ability to claim the child tax credit. The Court granted the judgment of divorce on October 6, 2004. On October 21, 2004, a hearing officer recommended that Ron pay child support and that the children and Ron be ordered to complete DNA testing.
On October 8, 2008, four years after the judgment of divorce, and after the parties failed to amicably partition the community, Adrian filed a petition for judicial partition. She included a detailed descriptive list indicating the equity in the home at $ 17,000 and the liability at $ 12,951.09. Notably, she failed to include any claims for reimbursement within her petition or her detailed descriptive list.
Ron answered on December 8, 2008, wherein he listed the total value of the community assets at $ 46,000.00 with a debt of $ 12,489.75. He claimed two reimbursements:
*438 (1) $ 1,750.00 he allegedly paid to movers on behalf of the community; and (2) $ 5,000.00 for alleged improvements to the home. Thereafter, Adrian traversed Ron's detailed descriptive list on February 11, 2009, reciting her previous list for the community value of the home in question as $ 17,000.00 with a community liability of $ 12,951.09.
Six years after filing her traversal, on August 18, 2015, Adrian amended her detailed descriptive list. She listed the value of the land at $ 17,000.00 and the value of the mobile home at $ 8,000.00, for a total home value of $ 25,000.00. She listed no liabilities, no reimbursements and cited a "value of ½ total" of $ 12,500.00. Four months later, Ron answered with a detailed descriptive list setting the value of the home at $ 35,000.00 in total, with no community liabilities and no claims for reimbursement.
Prior to trial, the parties filed pretrial briefs in support of their positions. Adrian alleged that she alone had made all of the mortgage payments, using her separate funds, from the time of the divorce until the final payment was made. She further asserted that Ron did not claim any rental reimbursement.[1] She contended that a 2016 appraisal of the home for $ 35,000.00 was accurate. Ron argued that he could not pay mortgage notes because he was paying child support to Adrian for a child that was not his own. He listed the home with a value of $ 40,000.00, arguing each party should receive one-half the value, $ 20,000.00.
The parties first appeared in court on January 26, 2018, before the Honorable Judge Robert P. Waddell. At that time, the trial court noted that only two issues were present within the case: (1) the value of the home and (2) any rental reimbursement claimed by Ron. The Court, after speaking to the attorneys and reviewing the record, noted that no reimbursement claims had been filed into the record. The court, being ever prescient, stated, with regard to the parties having not filed any claim for reimbursement, "you're out the window." The trial court concluded that neither party was ready for trial and set a second date for the parties to return to court.
The parties returned to court on March 15, 2018, and a trial was held before the Honorable Judge Roy Brun. The court, with the attorneys' agreement, concluded that the only issue before the court was the value and apportionment of the home. Eventually, both parties agreed that the ownership of the home was to be awarded to Adrian.
The parties could not agree to the value of the home. Adrian argued that a 2016 appraisal of the home for $ 35,000.00 was appropriate. She also objected to any new testimony as to the value. Ron maintained his $ 40,000.00 value for the home, conforming to the testimony of his appraiser at trial. The court found the property to have a value of $ 36,400.00. Accepting Adrian's 2016 valuation of $ 35,000.00, the court then added two percent per year to the value ($ 1,400.00), for the total of $ 36,400.00. The court awarded both parties *439 one-half of the value of the home. This latter issue germinated a new issue.
The court had previously determined that Ron had failed to file any claim for reimbursement with regard to rental monies from the home. The court further determined that neither party had any claims for reimbursement filed or pending. Adrian, however, argued that the court should award any equity added to the home post judgment of divorce to her alone. Both parties agreed and admitted that Adrian had paid all mortgage payments from the time of the divorce to the time that the debt was paid in full. Ron, however, contended that the home value should be split one-half, since neither party had filed a claim for reimbursement.
Thereafter, the court again concluded that neither party had filed for or requested any claims for reimbursement. The court asked the attorneys on the record if either one of them had reimbursement claims. Ron's attorney noted that both parties had already agreed twice that neither party had any claim. Adrian's attorney further stated, "We don't have a claim." Thus, the court concluded the trial by denying any and all claims for reimbursement by the parties. The judge signed and filed the judgment in accordance with the home value finding of $ 36,400.00 and the denial of any and all claims for reimbursements.
Subsequently, Adrian filed this appeal. She asserts that the trial court erred when (1) it failed to take into consideration the payments made by her; and (2) it improperly allowed an appraiser to testify contrary to the order of Judge Waddell, and improperly used the expert's testimony to value the home at issue.
If we find that Adrian was entitled to her claim for reimbursement, then Ron argues that the trial court erred when it precluded his testimony and evidence for his reimbursement claim. As we are affirming the decision of the trial court, we need not address the error in the alternative, asserted by appellee.
DISCUSSION
"It is well settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community. A trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Factual findings and credibility determinations made by the trial court in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error." Politz v. Politz , 49,242 (La. App. 2 Cir. 9/10/14), 149 So.3d 805 ; (citing Clemons v. Clemons , 42,129 (La. App. 2 Cir. 5/9/07), 960 So.2d 1068, writ denied , 2007-1652 (La. 10/26/07), 966 So.2d 583 ; Mason v. Mason , 40,804 (La. App. 2 Cir. 4/19/06), 927 So.2d 1235, writ denied , 2006-1524 (La. 10/13/06), 939 So.2d 366.).
"Absent manifest error, a trial court's factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in order to partition community property may not be set aside on appeal. The trial court's choice of one expert's method of valuation over that of another will not be overturned unless it is manifestly erroneous." Darden v. Darden , 48,971 (La. App. 2 Cir. 5/14/14), 139 So.3d 33 ; Ellington v. Ellington , 36,943 (La. App. 2 Cir. 3/18/03), 842 So.2d 1160 (internal citations omitted).
The court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. La. R.S. 9:2801(A)(2). The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
*440 La. R.S. 9:2801(A)(4)(a). The court shall divide the community assets and liabilities so that each spouse receives property of an equal value. La. R.S. 9:2801(A)(4)(b). The court shall allocate or assign to the respective spouses all of the community assets and liabilities. La. R.S. 9:2801(A)(4)(c). If separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. La. C.C. art. 2365.
Adrian complains that the trial court incorrectly valued the home in question. In valuing it, however, the trial court considered and ultimately selected the appraisal from 2016, to which Adrian stipulated. Thereafter, the trial court increased the value of the home by four percent, two percent for each year since 2016. The trial court increased the value in accordance with La. R.S. 9:2801(A)(4)(a) which mandates that the trial court value the assets as of the time of trial on the merits. We therefore find no manifest error by the trial court in its valuation of the home.
Adrian further asserts that the trial court erred when it failed to award her the full value of the home. As noted supra , the parties stipulated that the trial court would award ownership of the home to Adrian. Therefore, Adrian would owe Ron one-half the value of the home, as it was clearly community property. Adrian, however, argues that because she paid the mortgage with her separate funds after the judgment of divorce was rendered, the trial court should have denied Ron any award for the home. In essence, she argues for a reimbursement claim in her favor, in accordance with La. C.C. Art. 2365. Ron counters that because Adrian failed to file any such claim, she is therefore not entitled to a reimbursement.
In Jemison v. Timpton , 2009-1166 (La. App. 4 Cir. 5/6/10), 38 So.3d 1021, 1028-29, the Fourth Circuit Court of Appeal considered a similar issue. That court stated the following, to-wit:
Appellant's sworn descriptive list, however, was comprised only of immovable property, movable property, and separate property; notably, the list failed to include any liabilities or reimbursement claims. Furthermore, Appellant did not seek to amend this list at any time between the date of filing on April 21, 2008, and trial on October 28, 2008. Accordingly, as articulated in the Reasons for Judgment, the trial court disallowed the introduction of alleged reimbursement claims because Appellant failed to properly place such claims at issue[.]
Furthermore, in Godwin v. Godwin , 533 So.2d 1009, 1011 (La. App. 1 Cir. 10/12/1988), writ denied , 537 So.2d 1165 (La. 1989), the First Circuit Court of Appeal affirmed a trial court's refusal to consider reimbursement evidence and claims where the party failed to include such claims in his detailed descriptive list. Additionally, in Mathews v. Mathews , 457 So.2d 746 (La. App. 2 Cir. 09/26/84), this court affirmed a trial court's decision to deny consideration of appellant's reimbursement claims which he untimely filed prior to trial. We note that in the case sub judice , Adrian never filed any claim for reimbursement, timely or untimely.
After reviewing the petition and the detailed descriptive list, filed in 2008, as well as Adrian's traversal filed in 2009, the trial court concluded that Adrian had failed to file any claim for reimbursement. Furthermore, we note a similarity to the case cited supra , Jemison v. Timpton , wherein that court affirmed the trial court's denial of a reimbursement claim where the party *441 failed to include such a claim in the detailed descriptive list. In this case, not only did Adrian fail to include any claim for reimbursement in her petition or original detailed descriptive list, but she further failed to do such in a traversal she filed in 2009 and within her amended detailed descriptive list, filed in 2015. Not once did Adrian file or claim a reimbursement between the time the trial court rendered the judgment of divorce in 2004 until the date of trial on March 15, 2018.[2] Adrian had ample time to claim such, yet she failed to include a claim in any of her filings. Simply put, Adrian failed to place any claim for reimbursement at issue for the trial court to consider.
The trial court, on numerous occasions, asked if any claims for reimbursement were before the court. Attorneys for both parties repeatedly informed the trial court that no claims for reimbursement were at issue. The parties continually stated that the only issue before the court was the value and apportionment of the home. The trial judge then found a value for the home, awarded the home in ownership to Adrian, awarded one-half the value of the home to Ron and denied any claims for reimbursement. We therefore find that the trial court did not err in denying any and all claims for reimbursement.
CONCLUSION
The judgment of the trial court is AFFIRMED. All costs of this appeal are assigned to the appellant.

We note that the same may be said for Adrian. Although she asked that the trial court not award a reimbursement of one-half of the home to Ron, she also never declared or asserted a claim for any reimbursement whatsoever. In fact, it would be a mischaracterization of the issue to imply that the matter before this Court is a denied claim of reimbursement by Ron. The issue before us is simply whether the trial court erred in denying Adrian's reimbursement claim when it denied "any and all" claims for reimbursement.

Having thus decided the issue before the court, it is unnecessary to enter into a consideration of the equity of allowing such a claim to be placed before this court without allowing the opposing party an opportunity to fully defend the claim at the trial court level. For instance, an exception for prescription cannot be provided by the court. La. C.C.P. art. 927(B).