CARAWAY, J.
| tThis appeal concerns the trial court’s judgment in a community property partition. The former wife appeals the trial court’s valuation of a motor vehicle, determination that the parties remain co-owners of a mobile home in which the parties’ son resides, and allocation of household items in the former matrimonial home entirely to the former husband. The former wife also appeals the award for reimbursement to the former husband for debt payments made on a registered travel trailer after the termination of the community. Because we find no manifest error in the trial court’s factual determinations and no abuse of discretion in allocating the former *35 community property, we affirm the trial court’s judgment.

Facts and Procedural Background

Lennie F. Darden, Jr., (“Lennie”) and Brenda Hornsby Darden (“Brenda”) were married on September 26, 1981. On November 5, 2009, Brenda filed a petition for divorce pursuant to Civil Code Article 102. Brenda later filed an amended petition seeking, among other things, a partition of former community property. A judgment of divorce was granted on December 16, 2010.
A special master was appointed on December 17, 2010, to make recommendations for allocation of assets and liabilities in the community property partition. Many community assets were included, such as immovable property, a backhoe, several vehicles, several tractors, a 401k plan, guns, and several bank accounts. Appraisers were appointed by the special master. After two hearings, the special master issued reasons and recommendations on May 18, 2012, and filed an amended recommendation |2on June 14, 2012. Both parties objected to the special master’s recommendations, and a trial was held on the objections on November 15, 2012.
The trial court, for the most part, adopted the recommendations of the special master, and a judgment was signed and filed partitioning the former community property on March 11, 2013. Lennie was allocated nearly all the property subject to the partition with the exception of two motor vehicles. Brenda was awarded an equalizing payment of $343,725.00. The court adopted the special master’s valuation of a 2006 Dodge Ram 3500 truck at $15,000. The trial court also adopted the recommendations for an award for reimbursement of payments Lennie made on a travel trailer after the termination of the community regime, but the court altered the amount to $3,482 from $4,239. The court also adopted the recommendation that the parties remain co-owners of a mobile home in which Lennie and Brenda’s son resides, and ordered neither to sell or encumber the property without the other’s consent. Finally, the court adopted the recommendation of the special master for the allocation of household items, which included allocating all movables to Lennie with the exception of Brenda’s jewelry and Precious Moments collection.
Brenda appeals, asserting error in the partition regarding the valuation of the 2006 Dodge truck, the reimbursement for the travel trailer, the allocation of ownership of the mobile home in Bossier Parish, and the allocation of the ownership of the household movables.

Community Property Partition Law

|sWhen the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a community property partition. La. R.S. 9:2801(A).
The court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. La. R.S. 9:2801(A)(2). The court may appoint such experts pursuant to Articles 192 and 373 of the Louisiana Code of Civil Procedure as it deems proper to assist the court in the settlement of the community and partition of community property, including the classification of assets as community or separate, the appraisal of community assets, the settle *36 ment of the claims of the parties, and the allocation of assets and liabilities to the parties. La. R.S. 9:2801(A)(3).
The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties. La. R.S. 9:2801(A)(4)(a). The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value. La. R.S. 9:2801(A)(4)(b). The court shall allocate or assign to the respective spouses all of the community assets and liabilities. La. R.S. 9:2801(A)(4)(c). In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of Lmoney, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. La. R.S. 9:2801(A)(4)(d).
In valuing and allocating assets and liabilities to partition community property, a trial court is not required to accept at face value a spouse’s valuation of assets, debts, or claims against the community. McDaniel v. McDaniel, 35,833 (La.App.2d Cir.4/03/02), 813 So.2d 1232. Absent manifest error, a trial court’s factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in order to partition community property may not be set aside on appeal. Id. The trial court’s choice of one expert’s method of valuation over that of another will not be overturned unless it is manifestly erroneous. Ellington v. Ellington, 36,943 (La.App.2d Cir.3/18/03), 842 So.2d 1160.
If separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation,[1] that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. La. C.C. art. 2365. If the community obligation was incurred to acquire ownership or use of a community corporeal movable required by law to be registered, and separate property of a spouse has been used after termination to satisfy that obligation, the reimbursement claim shall be reduced in proportion to the value of the claimant’s use after termination of the community property regime. Id. The value of that use and the amount of the claim for reimbursement accrued during use are presumed to be equal. Id. |5The burden of proof is on the party claiming reimbursement to show that separate funds existed and were used to satisfy the community obligation. Tippen v. Carroll, 47,415 (La.App.2d Cir.9/20/12), 105 So.3d 100.

Discussion

Brenda does not contest the broad ruling of the trial court by which Lennie received most of the community property and by which she was compensated for her share of the value by an equalizing payment. Even regarding the two primary property items in dispute, the Dodge truck and the travel trailer, Brenda does not contest Lennie’s receipt of full ownership of those items. She only contends that the values determined for that property was too low. We therefore consider each item in dispute as a separate matter which will not affect the broad ruling for partition. The 2006 Dodge Truck
Two appraisers were appointed by the special master to appraise all community property: one to appraise community movables, another to appraise the community immovables. The appraiser for the *37 movable property personally examined the 2006 Dodge Ram 3500 and concluded that its value was $15,000. The only evidence that Brenda introduced for the trial court for a different value was an NADA price report for a 2006 Dodge Ram 3500 Mega Cab SLT 4WD HO T-diesel. The NADA report contained a value range of $22,825 to $29,875, with the lower value being a “Rough Trade-In” value for a truck with significant mechanical defects and considerable damage to the exterior. Brenda did not have an independent appraisal conducted for the truck.
|rTAt trial, the appraisal concerning the truck as recognized by the special master’s recommendation was introduced. The court-appointed appraiser was not called by Brenda as a witness in either the hearing before the special master or the trial court. The manner of the calculation for his appraisal was therefore not challenged. The appraiser personally inspected the vehicle. Thus, he provided the only expert opinion even though the NADA price information, relied upon by Brenda, also was allowed to be received into evidence.
On this record, we agree with the trial court’s reliance upon the work of the appraiser, who actually saw the vehicle. The court’s choice of that evidence has not been shown to present manifest error.

The Travel Trailer

The trial court effectively reimbursed Lennie one-half of the monthly payments he made on the travel trailer debt after termination of the community. Brenda thus received one-half of the value of the travel trailer less one-half of those monthly payments. Brenda objects to this calculation claiming that Lennie’s payments on the debt should be offset by his use of the travel trailer.
During the proceedings, Lennie testified that he had suffered a stroke and was unable to use most of the equipment on his property, including the travel trailer. Both parties testified that neither wanted the travel trailer; Brenda said she had no use for it, while Lennie said he was physically unable to use it. Lennie testified that the travel trailer has not been used since he and Brenda separated and that it has just been sitting on his property. He testified that he attempted to sell the travel trailer, but he was |7unable to do so because Brenda refused. Brenda testified she refused to sell the travel trailer because Lennie had only attempted to sell it to one potential purchaser for a value ($11,000) that she believed was less than it was worth ($18,000). The value assigned the travel trailer for the partition was $18,000.
The parties do not contest that the travel trailer is a registered corporeal movable that was purchased during the community property regime. Therefore, the obligation incurred to purchase the travel trailer was a community obligation and the travel trailer was community property. See La. C.C. arts. 2338 and 2340. Lennie proved that he made payments for 23 months on the note for the travel trailer totaling $6,964. Under the general rule of Article 2365, supra, Lennie is entitled to one-half of this payment, which the court calculated to be $3,482. However, because the travel trailer is a registered corporeal movable, his reimbursement claim shall be reduced by the value of his use of the travel trailer. However, Lennie testified that he never used the travel trailer, that he did not want it, and that it was merely parked since Brenda left the matrimonial home. Brenda did not present any evidence that Lennie actually used the travel trailer.
The rule concerning reimbursement for registered community corporeal movables is a codification of prior jurisprudence *38 recognizing the inequity of allowing a spouse with the use of an automobile to obtain full reimbursement while contributing to its rapid and substantial decrease in value. La. C.C. art. 2365, Revision Comment (b) (2009). The trial court’s determination that Lennie did not use the movable property therefore allows | Rfor Lennie’s reimbursement of Brenda’s share of the debt. Finding no manifest error, we affirm this reimbursement award.

The Mobile Home

Brenda argues that the trial court committed manifest error by ordering that the mobile home remain co-owned by the parties, and she argues that their son’s interest in the property should be recognized, “as well.” The trial court ordered that neither party alienate or encumber the property without the other’s consent. She argues that because she and Lennie “donated” the property to their son, the trial court failed to recognize his interest. Lennie responds by conceding that he and Brenda bought the home for their son’s use and that he “has no objection to transferring title to him.”
We find no error in the trial court’s ruling leaving the parties as co-owners of the mobile home. Brenda retains the power to donate her undivided interest to her son. We do not view the trial court’s judgment as prohibiting such result since Lennie agrees that the interest of their son was their common objective.

The Household Items

Finally, Brenda argues that the trial court abused its discretion in allocating household items in the partition. She argues that the trial court should have allocated one-half of the contents to each party instead of awarding only her personal jewelry and Precious Moments collection to her. She requested a master bedroom suite, a table and six chairs, some ice | ¡¡chests, a weed eater, a KitchenAid stand, either a vacuum cleaner or shampooer, and a 46-inch television and entertainment center.
Lennie argues that Brenda departed the family home in October 2009 and took items from the home, such as her car, clothes and other personal effects, before an appraisal could be conducted. He argues that the in globo appraisal of the movables in the home was not manifestly erroneous and that the allocation of items in the home to him was not an abuse of discretion. The value of such appraisal was a determinant for the amount of Brenda’s equalizing payment award.
The appraiser of the movable property valued the assets in the home, but he gave only an aggregate value for them. It was within the court’s discretion to accept this valuation of the movables owned by the parties. Furthermore, the trial court has the discretion to allocate an asset in its entirety to one spouse or the other. However, in the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money. La. R.S. 9:2801(A)(4)(d). Brenda did not receive the movables that she wished; however, she did not express a particular pressing need or emotional attachment to such items. Likewise, she did not directly challenge the appraised value of the household movables by evidence of the value of each item. Under these circumstances, the trial court’s acceptance of the appraised value of all household movables was not clearly wrong.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to appellant.
ImAFFIRMED.

. An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation. La. C.C. art. 2360.