STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0689

STEVEN L. PIERCE

VERSUS

PATRICIA DAVIS PIERCE

Judgment Rendered: **FEB 2 1 2020**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 150168

Honorable Jeffery T. Oglesbee, Judge Presiding

* * * * *

Jenel Guidry Secrease                      Attorneys for Plaintiff-Appellee,
Jay Michael Futrell                        Steven L. Pierce
Ponchatoula, LA


Jeffrey S. Wittenbrink                     Attorneys for Defendant-Appellant,
Carmen T. Hebert                           Patricia Davis Pierce
Stephen C. Carleton
Baton Rouge, LA


* * * * *

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

In this domestic matter, the former wife appeals a judgment of the trial court denying her request for a permanent protective order, denying her request for final periodic support, and partitioning the parties' former community property.

## FACTUAL AND PROCEDURAL HISTORY

On January 10, 1994, Steven Pierce and Patricia Davis Pierce were married in Key West, Florida. Thereafter, they established their matrimonial domicile at 8920 Eagle Drive in Denham Springs, Louisiana, a home Patricia owned prior to their marriage. In 2002, Patricia donated to Steven ½ of her interest in the Eagle Drive home. During their marriage, they owned and operated together Superior Equipment Services, Inc., a forklift repair business. On September 28, 2015, after twenty-one years of marriage, Steven moved out of the matrimonial domicile and resided primarily on a boat[1] purchased by the parties during the marriage.

On October 15, 2015, Steven filed a petition for divorce seeking among other things, an injunction against alienating community property, spousal support, and an injunction against harassment. Patricia answered the petition and filed a reconventional demand. In her reconventional demand, she alleged that Steven was abusive to her during the marriage, and she sought an injunction against harassment. She also requested spousal support and use of the matrimonial domicile. On December 2, 2015, the parties signed an interim stipulated judgment that ordered Patricia to pay interim spousal support to Steven, gave Patricia exclusive authority to run Superior Equipment, and ordered both parties to refrain from harassing or abusing the other party or from alienating, encumbering, or disposing of any community property. On January 26, 2016, the parties entered into a second stipulated judgment modifying Patricia's interim spousal support obligation.

Thereafter, on April 20, 2016, Patricia filed a first amended reconventional demand requesting final periodic support and an assessment of fees and costs for

---

[1] The boat was a 1983 42' Present Sundeck Motor Yacht that had accommodations for up to six persons.

2

filing the divorce pursuant to the Louisiana Post-Separation Family Violence Relief Act, La. R.S. 9:361 *et seq.* The parties were divorced by a judgment signed on August 3, 2016. On November 14, 2016, Steven filed a petition to partition the former community property, and both parties filed sworn detailed descriptive lists of the community property and obligations.

On July 10, 2018, Patricia filed a rule for final periodic support and a permanent protective order pursuant to Domestic Abuse Assistance Act, La. R.S. 46:2131 *et. seq.* In her rule, Patricia pointed out that a protective order was issued against Steven in a criminal proceeding arising out of an incident that occurred the day Steven left, and the protective order expired when the criminal matter was disposed of by Steven's plea of *nolo contendre.* Patricia sought final periodic support, a permanent injunction, and all court costs, attorney fees, and counseling costs that may be awarded pursuant to the Post-Separation Family Violence Relief Act.

Patricia's request for a permanent protective order, for final periodic support, and for the partition of the parties' former community property came before the court for a three-day trial on July 1, 2018, September 28, 2018, and October 4, 2018. On the morning of the last day of trial, Patricia filed a second reconventional demand seeking to revoke all donations given by her to Steven on the grounds of ingratitude under the provisions of La. Civ. Code arts. 1556 and 1557, *et. seq.*

After the three-day trial and review of post-trial memorandums, the trial court signed a lengthy judgment addressing all of the issues presented by Steven and Patricia.[2] Relevant to this appeal, the judgment denied Patricia's request for final periodic support, as well as her request for a permanent protective order. Additionally, the judgment ordered Patricia to reimburse Steven for ½ of boat slip

---

[2] This court issued a rule to show cause why the appeal should not be dismissed because the trial court's written reasons and judgment were set out in one document contrary to the requirements of La. Code Civ. P. art. 1918. However, after review of the trial court's judgment, we have concluded that the judgment contains sufficient decretal language to constitute a final judgment and is not invalid simply because it includes written reasons in the body of the document. See **Conley v. Plantation Management Co., LLC**, 2012-1510 (La. App. 1st Cir. 5/6/13), 117 So.3d 542, 547, writ denied, 2013-1300 (La. 9/20/13), 123 So.3d 178.

3

fees, ½ of the cost to replace the boat's air conditioner, and ½ of the payments made on the boat note. The trial court also found that Patricia's request to revoke the donation of the Eagle Drive home to Steven was not properly pled. It is from this judgment that Patricia appeals assigning six assignments of error.

I.      Domestic Violence

In Patricia's first and fifth assignments of error, she contends that the trial court erred in failing to find family violence was perpetrated against her and refusing to grant a permanent protective order. In her fourth assignment of error, she argues that the trial court erred in not ordering Steven to pay court costs, attorney fees, costs of appeal, evaluation fees, expert witness fees, and costs of medical and psychological care incurred by Patricia as a victim of domestic violence.

Protective orders are issued in domestic violence matters pursuant to the La. R.S. 46:2131, *et seq.* The purpose of the law is to provide relief to victims of domestic violence by establishing a civil remedy for domestic violence that affords the victim(s) immediate and easily accessible protection. See **Thomas v. Hyatt**, 2012-1891 (La. App. 1st Cir. 8/6/13), 2013 WL 4007777, at *2 (unpublished). Louisiana Revised Statutes 46:2135 and 46:2136 require that there be "good cause shown" for the issuance of a protective order. "Good cause shown" is defined in La. R.S. 46:2135 as a showing of "immediate and present danger of abuse." Pursuant to La. R.S. 46:2136(A), the court may grant a protective order to bring about a cessation of abuse of a party. Additionally, the definition of domestic abuse includes, but is not limited to, physical or sexual abuse or any offense against the person, physical or non-physical, as defined in the Louisiana Criminal Code, except negligent injury and defamation, committed by one family or household member against another. La. R.S. 46:2132(3). Family violence includes, but is not limited to, physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring and defamation, committed by one parent against the other parent or against any of the children. Family violence

4

does not include reasonable acts of self-defense utilized by one parent to protect himself or herself or a child in the family from the family violence of the other parent. La. R.S. 9:362(4).

Louisiana courts have held that the definition of domestic abuse in La. R.S. 46:2132(3) does not include nonphysical acts, such as general harassment and family arguments, if those acts do not rise to the level of physical or sexual abuse in violation of the criminal code, or an offense against a person. **Rouyea v. Rouyea**, 2000-2613 (La. App. 1st Cir. 3/28/01), 808 So.2d 558, 561.

An appellate court reviews domestic protective orders for abuse of discretion. **Munger v. Sirenko**, 2016-0778 (La. App. 4th Cir. 7/12/17), 224 So.3d 445, 449. Moreover, the standard of review applicable to fact findings of the trial court has been clearly enunciated by our Supreme Court in **Rabalais v. Nash**, 2006-0999 (La. 3/9/07), 952 So.2d 653, 657, as follows:

> It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. To reverse a fact-finder's determination, the appellate court must find from the record a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong. Where the [fact-finder's] findings are reasonable, in light of the record reviewed in its entirety, the court of appeal may not reverse. Even where the court of appeal is convinced that it would have weighed the evidence differently to reach a different result, reversal of the trial court is improper unless the trial court's ruling is manifestly erroneous, or clearly wrong. (Citations omitted.)

In matters of credibility, an appellate court must give great deference to the findings of the trier-of-fact, as the trial court is in the best position to view the demeanor and mannerisms of the witnesses. **Munger**, 224 So.3d at 449 (citing **Rosell v. ESCO**, 549 So.2d 840 (La. 1989)). When conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact made by the trial court are not to be disturbed. **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d 880, 882-83 (La. 1993).

During trial, Patricia testified about five separate incidents of physical abuse that she said happened during her twenty-one year marriage to Steven. Patricia

5

testified that around 1998 when their son was about two years old, Steven grabbed and squeezed her arm as she begged him to stop. Patricia testified about an incident around 2002, where Steven knocked her over a barstool and pulled her hair, and the police were called. Deputy Jeff Fowler, who was dispatched to their home on the day of the incident, testified during the trial. He acknowledged that he did not remember the incident, but his report was introduced into the record, which stated that Steven admitted that he grabbed and slapped Patricia. Patricia also testified that around the Fourth of July in 2014, Steven threw a cell phone at her, and sometime in 2015, he shoved her in a closet while they were on a cruise. Patricia introduced into evidence photographs of the laceration she contends was caused by Steven throwing the cell phone, and bruises she contends were caused by Steven shoving her during the cruise.

Finally, Patricia testified about an incident that occurred on September 28, 2015, the day Steven left. Patricia said that Steven struck her in the face the day he left. She introduced into evidence a photograph of her with a black eye. Also, employees of Superior Equipment as well as her friend Kathleen McCullough testified that they saw redness or a bruise on her face after the incident, and that she was emotional and upset. The police were called that day, Steven was arrested after turning himself in, and a criminal no contact order was issued. Steven eventually pled no contest to the criminal domestic violence charges, and the no contact order expired the day of the criminal trial. In addition to the incidents of abuse, Patricia said that Steven was controlling, called her names, and, at times, would not speak to her.

Patricia acknowledged that since the day Steven left, there has been no communication or contact between her and Steven. Other than in court, she said she has only seen Steven on one occasion when he came to her home to retrieve personal belongings. Patricia said Steven was not allowed to come to her home to get his belongings, and that she has seen suspicious people drive by their home. Her

6

neighbor, Mr. Jesse Mathis also testified that he saw Steven's sister taking photographs of the parties' home through the fence.

Conversely, Steven testified denying that he ever pushed, slapped, punched, or hit Patricia, and stated that he had never struck Patricia with any object. Steven did not recall any incident from their cruise, and said that on the Fourth of July she hit herself with the cell phone when she grabbed it from him. Steven said there was never a physical altercation on the day he left. In addition, Steven said that there had been a miscommunication between the attorneys on the day he came to the home to retrieve his belongings.

At the conclusion of the hearing, the trial court determined that Patricia did not present "sufficient evidence in support of her request for a permanent injunction." After thorough review of the record, we find no abuse of the trial court's vast discretion in concluding that Patricia did not show good cause for the issuance of a permanent protective order, especially considering that at the time of trial in 2018, Steven had not been in contact with Patricia since 2015. Further, we find no manifest error in the trial court's conclusion that Patricia was not a victim of family violence. The trial court was in the best position to view the demeanor and mannerisms of Patricia and Steven, and their witnesses, and as herein, when conflicting testimony exists, we are not to disturb the trial court's reasonable evaluations of credibility and reasonable inferences of fact. While we find Patricia's testimony and the report of Deputy Fowler inconsistent with the testimony of Steven, we may not reverse even if we are convinced that we may have weighed the evidence differently to reach a different result. Therefore, we find no merit to Patricia's first, fourth, or fifth assignment of error.

II.    Final Periodic Support

In Patricia's second assignment of error, she contends that the trial court erred in denying her request for final periodic support. A request for final periodic support is governed by La. Civ. Code arts. 111 and 112, which provide as follows:

7

Article 111. Spousal support; authority of the court

> In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.

Article 112. Determination of final periodic support

> A. When a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
>
> B. The court shall consider all relevant factors in determining the amount and duration of final support, including:
>
>> (1) The income and means of the parties, including the liquidity of such means.
>> (2) The financial obligations of the parties, including any interim allowance or final child support obligation.
>> (3) The earning capacity of the parties.
>> (4) The effect of custody of children upon a party's earning capacity.
>> (5) The time necessary for the claimant to acquire appropriate education, training, or employment.
>> (6) The health and age of the parties.
>> (7) The duration of the marriage.
>> (8) The tax consequences to either or both parties.
>> (9) The existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of domestic violence.

In an action for final periodic support, the claimant spouse has the burden of proving insufficient means of support. Until need has been demonstrated, the other spouse's financial means are irrelevant. **Wascom v. Wascom**, 97-0547 (La. App. 1st Cir. 6/29/98) 713 So.2d 1271, 1273, writ denied, 98-2028 (La. 11/6/98), 728 So.2d 391.

A trial court's determination regarding final periodic support is subject to the abuse of discretion standard of review. **Bond v. Bond**, 2013-1733 (La. App. 1st Cir. 6/24/14) (Unpublished) 2014 WL 1203134, at *3, writ denied, 2014-1054 (La. 9/12/14), 148 So.3d 932. Louisiana Revised Statute 9:326A provides:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with

documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

During the trial, on direct examination, Patricia testified that she closed Superior Equipment because it was no longer profitable, and she did not currently have a job. She also testified that she was unable to pay the house or pool note and had only $700.00 in her checking account. Patricia said that she was a teacher prior to working at Superior Equipment, and she was planning to finish classes to regain her teacher's certification.

On direct examination, Patricia did not offer a verified income statement or introduce any documentary evidence to prove her current financial situation. Additionally, Patricia did not give specific testimony about her assets, liabilities, or monthly expenses. After cross-examination and while on rebuttal, Patricia attempted to introduce an income and expense affidavit. Steven's attorney objected and the trial court sustained the objection, pointing out that the information was outside the scope of rebuttal. Steven introduced an income and expense affidavit that indicated that his expenses exceeded his income. In addition, employees of Superior Equipment and Steven and Patricia testified about the business. Steven and Patricia disputed the reason for the downturn in the success of the business, as well as the value of the business and its assets.

In the judgment, the trial court found that Patricia failed to establish her specific need for final periodic support or Steven's ability to pay final periodic support. After thorough review of the evidence, we find no abuse of discretion by the trial court in denying Patricia's request for final periodic support.

9

III. Revocation for Ingratitude

In Patricia's third assignment of error, she contends that the trial court erred in failing to revoke her donation of ½ of her interest in the Eagle Drive home to Steven for ingratitude under La. Civ. Code art. 1557. Article 1557 provides revocation on account of ingratitude may take place only if he has been guilty towards her of cruel treatment, crimes, or grievous injuries. An action of revocation for ingratitude shall be brought within one year from the day the donor knew or should have known of the act of ingratitude. La. Civ. Code art. 1558. Patricia did not request revocation of the donation given by her to Steven until filing the second amended reconventional demand by fax on October 4, 2018, and served on Steven in open court on the final day of trial.

The trial court determined that that issue was not properly before the court. Specifically, during trial, the trial court pointed out that because the second amended reconventional demand was not served until the third day of trial, Steven did not have an opportunity to respond to the pleading. Additionally, the pleading was filed more than one year after Patricia's final allegation of abuse or grievous injury on September 28, 2015. Patricia contends that the allegations in her original answer and reconventional demand filed on November 30, 2015, qualified as cruel treatment and were sufficient to put Steven on notice of the allegations that support her claim to revoke the donation for ingratitude.

In the judgment, the trial court determined that Patricia's claim was not adequately pled nor was there sufficient proof provided that the donation should be revoked. Our review of the record reveals that Patricia's allegations of abuse in previous pleadings were not sufficient to put Steven on notice that on the third day of trial that Patricia was attempting to revoke a donation for cruel treatment. Therefore, we find no abuse of the trial court's discretion in not considering that argument during trial.

IV. Reimbursement related to the Boat

10

In her final assignment of error, Patricia contends that the trial court erred in awarding reimbursement claims to Steven related to expenses for a boat the parties purchased during the marriage and where Steven resided after they separated. The judgment ordered Patricia to reimburse Steven for ½ of boat slip fees, ½ the cost to replace the boat's air conditioner, and ½ of the payments of the boat note. Patricia argued that because Steven had exclusive control of the boat, the reimbursement award should be reduced by his use, and because Steven lived on the boat, the boat slip fees are analogous to rent.

A trial court has broad discretion in adjudicating issues raised by divorce and partition of the community proceedings. **Benoit v. Benoit**, 2011-0376 (La. App. 1st Cir. 3/8/12), 91 So.3d 1015, 1019, writ denied, 2012-1265 (La. 9/28/12), 98 So.3d 838. Reimbursements are factual determinations and absent an abuse of discretion, the trial court's decision should be not be disturbed on appeal. **Norman v. Norman**, 99-2750 (La. App. 4th Cir. 7/12/00), 775 So.2d 18, 25.

Louisiana Civil Code article 2365 provides in pertinent part:

> If separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.

> If the community obligation was incurred to acquire ownership or use of a community corporeal movable required by law to be registered, and separate property of a spouse has been used after termination to satisfy that obligation, the reimbursement claim shall be reduced in proportion to the value of the claimant's use after termination of the community property regime. The value of that use and the amount of the claim for reimbursement accrued during the use are presumed to be equal.

Steven testified that he lived primarily on the boat since the parties separated and there is no dispute that Steven had exclusive use of the boat since the parties separated. As stated in Article 2365, a reduction or elimination of Steven's reimbursement claim will occur if the obligation for which a spouse expends separate property relates to a community corporeal movable required by law to be

registered. See **Darden v. Darden**, 48,971 (La. App. 2d Cir. 5/14/14), 139 So.3d 33, 37; see also La. Civ. Code art. 2365, 2009 Revision Comments (c). This includes automobiles and many watercrafts, including the boat described herein. See La. R.S. 34:851.19. Therefore, Steven's reimbursement claim shall be reduced in proportion to the value of his use after termination of the community property regime. Because the value of that use and the amount of the claim for reimbursement accrued during the use are presumed to be equal, Patricia owes no reimbursement to Steven for the boat note. See La. Civ. Code art. 2365.

However, we find no abuse of discretion by the trial court in ordering Patricia to reimburse Steven for the replacement of the boat's air conditioner because it was necessary to preserve the boat and increased the boat's value. See **Braud v. Braud**, 2005-758 (La. App. 4th Cir. 4/25/06), 930 So.2d 1023, 1027-1028 (allowing reimbursement for air conditioner repairs on a home.) Further, we find no abuse of discretion by the trial court in ordering Patricia to reimburse Steven for ½ of the boat slip fees as Steven presented evidence that the fees were necessary for the storage of the boat.

## CONCLUSION

For the foregoing reasons, the portion of the trial court judgment ordering Patricia to reimburse Steven for ½ of the payments on the boat note in the amount of $4,904.62 is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of the appeal are to be divided between Steven Pierce and Patricia Davis Pierce.

**REVERSED IN PART; AFFIRMED IN PART.**

12